Thomas TEW, as Trustee for the Estate of E.S.M. Government Securities, Inc., Plaintiff,

v.

The CHASE MANHATTAN BANK, N.A., Defendant.

No. 88–6728–CIV–JAG.

United States District Court, S.D. Florida, Fort Lauderdale Division.

July 24, 1990.

Tew & Garcia–Pedrosa, Kathy A. Gibbs and Jose Garcia–Pedrosa, Miami, Fla., for plaintiff.

George H. Bailey, Jones Foster Johnston & Stubbs, P.A., W. Palm Beach, Fla., Russell Brooks, Milbank Tweed Hadley & McCloy, New York City, for defendant.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the letter dated January 29, 1990 from defendant's counsel, George H. Bailey, Esquire. By this court's order dated January 31, 1990, the letter was treated by this court as a motion for reconsideration and/or a motion for correction of order pursuant to Federal Rule of Civil Procedure 60(a).

The plaintiff, Thomas Tew, has filed its response to the defendant's motion and the defendant Chase has replied. Accordingly, the motion is ripe for decision.

The defendant Chase requests that this court change certain language in its order dated January 22, 1990, 728 F.Supp. 1551. The bank states that its suggested revisions are "nonsubstantive modifications." The suggested changes and the court's ruling on each are as follows:

*Page 7, Line 11* [728 F.Supp. at 1556, col. 2, line 23]

Chase requests amendment of the last sentence in the paragraph because the bank's assessment of E.S.M. Government Securities, Inc.'s financial health was alleg-edly based on review of audited, not unaudited, financial statements. Therefore, the word "unaudited" shall be deleted from the order and the word "audited" substituted therefor.

*Page 8, Line 5* [728 F.Supp. at 1556–57, Last line, First line]

Chase's request as to this language is without merit. The opening line to the first paragraph on page 8 explicitly states that the statements therein are the trustee's version of the facts. Moreover, the second paragraph discusses Chase's arguments to the contrary. Finally, even if Chase's argument had merit, the suggested revision is no improvement on the clarity of the court's order.

*Page 8, Line 16* [728 F.Supp. at 1557, Col. 1, Line 15]

Chase's objection shall be granted. The following language shall be deleted from the order, "Of course, this lack of reliance is contradictory to Chase's position above that Hanley relied on the statements to assess Government's net worth." As already ruled upon by the court above, Hanley's professed assessment of Government's worth was based on the audited financial statements.

*Page 34, Line 9* [728 F.Supp. at 1566, Col. 1, Line 42]

The bank is correct, in part, as to the accuracy of the language. Specifically, Chase objects to the phrase, "and the testimony of Hanley", which implies that he had personal knowledge of Government's fraud and did not want it to be discovered while Chase's loans were outstanding. The bank is correct that Hanley's version of the facts was that he never knew about the fraud and therefore, took no action based upon a nonbelief. However, as noted by the Trustee, Hanley did testify in his deposition that he did not want to be left with loans outstanding and subject to the claims of other E.S.M. creditors if Government's insolvency became known. This testimony when considered with the plaintiff's allegations and the clear caveat that the interpretation of Hanley's testimony in the order was referring to Tew's version of the facts, does not justify amendment of the order.

*Page 35, Lines 14–27* [728 F.Supp. at 1566, Col. 2, Lines 34–42]; *Page 36, Lines 1–6* [728 F.Supp. at 1567, Col. 1, Lines 1–8]

Because of this court's clarifications above that Chase had audited financial statements for the years prior to 1983, the following language shall be deleted from the order at page 35, lines 18–19: "Rather than require audited financial statements prior to granting such credit." The sentence shall now read, "The bank acted first and investigated later." In all other regards, the order shall stand, as entered.

Having considered the motion and the record in this cause, it is hereby

ORDERED AND ADJUDGED that the motion of Chase Manhatten Bank, the defendant, for reconsideration shall be GRANTED IN PART AND DENIED IN PART. This court's order dated January 22, 1990 is hereby AMENDED as noted above.

DONE AND ORDERED.