619 So.2d 4 (1993)
Marga R. SILVA, Appellant,
v.
Theresa Knight NIGHTINGALE, Appellee.
No. 92-673.
District Court of Appeal of Florida, Fifth District.
April 16, 1993.
Rehearing Denied June 10, 1993.
Jackson O. Brownlee of Brownlee, Hoffman & Jacobs, P.A., Orlando, for appellant.
Robert R. Jack and Susan W. Tolbert of Beers, Jack, Tudhope & Wyatt, Maitland, for appellee.
PETERSON, Judge.
Marga R. Silva appeals a judgment entered following a jury verdict in favor of Theresa Knight Nightingale. Nightingale admitted responsibility for rear-ending Silva's automobile, but the jury found that Silva sustained no permanent injuries or unreimbursed expenses as a result of the accident. Silva argues, inter alia, that the judgment should be vacated because Nightingale's closing argument included improper comments. We agree, vacate the judgment, and remand for a new trial.
Improper comments made by counsel for both plaintiffs and defendants, especially in trials involving personal injuries, are arising as points on appeal with alarming and increasing frequency. In some cases, the evidence clearly supports the verdict notwithstanding the comments made by counsel. Though the evidence submitted by Silva in support of her case-in-chief was weak, and though Nightingale might have prevailed had her counsel's comments been omitted, we cannot hold as a matter of law that the comments had no effect upon the jury's verdict.
A new trial is required "if the prejudicial conduct in its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury... ." Tyus v. Apalachicola Northern R.R. Co., 130 So.2d 580, 587 (Fla. *5 1961); Nazareth v. Sapp, 459 So.2d 1088 (Fla. 5th DCA 1984).
Silva complains, inter alia, about the following comments made during Nightingale's closing argument:
(1) While referring to what Silva had said to one of her treating physicians, counsel stated, "I don't believe that."
(2) While discussing Silva's testimony that she was thrown back and forth during the collision, counsel stated, "Forget that, forget that that ever even was said."
(3) In discussing the testimony given by the chiropractor, counsel stated, "It's well known chiropractors will give a permanent impairment rating much quicker than any other physician."
(4) In remarking on Silva's inability to perform her work as a housekeeper at Walt Disney World, counsel stated, "To be quite frank I have made beds myself and I have vacuumed and I don't find it to be a debilitating experience."
(5) While speculating on the reasons Silva sought additional medical treatment, counsel stated, "I'm sure there were some legal considerations, too."
Only comments (3) and (4) were the subject of objections by trial counsel, while all five of the comments were mentioned in a motion for new trial. However, where prejudicial conduct in its collective import is so extensive as to pervade the trial, a new trial should be awarded regardless of the want of an objection. Tyus, 130 So.2d 580.
In Moore v. Taylor Concrete & Supply Company, Inc., 553 So.2d 787, 792 (Fla. 1st DCA 1989), the court stated, "It is axiomatic that a lawyer's expression of his personal opinion as to the credibility of a witness, or of his personal knowledge of facts in the case, is fundamentally improper." In each of the statements quoted above, Nightingale's counsel stated his own opinion, either expressly or by inference, as to the credibility of witnesses. The credibility of witnesses is for the jury to determine. While arguments may be made to point out conflicts in testimony, and while evidence may be introduced to impeach a witness's testimony, counsel should not do so in terms of his own opinion and experience.
It is generally improper for an attorney to testify for his client, and it is improper for an attorney to take on during argument the guise of an impeaching witness. Bloch v. Addis, 493 So.2d 539 (Fla. 3d DCA 1986). During the closing argument in Bloch, plaintiff's counsel argued without an evidentiary basis that, in a telephone conversation between himself and defendant's physician/expert witness, the latter failed to mention a disorder of the plaintiff. Counsel stated, "I know what I said to him on the telephone." Also without an evidentiary basis, he accused the physician of having written medical notes in the hallway outside the courtroom just before testifying. Finally, he accused the defendant of securing expert testimony from "country club" doctors eager to testify in behalf of the defendant physician. The third district reversed and remanded for a new trial, commenting: "The promise we made in Schreier v. Parker, 415 So.2d 794 (Fla. 3d DCA 1982), that we would not condone arguments such as that made in the present case, even absent objection, fulfilled in Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), is fulfilled once again." Bloch, 493 So.2d at 541. In the instant case, counsel's comment (3), that chiropractors more readily give permanent impairment ratings, may or may not be correct, but there was no competent evidence presented at trial to support this alleged fact. This comment was especially prejudicial to Silva since the chiropractor was the only witness who testified unequivocally that Silva suffered a permanent impairment as a result of the accident. Furthermore, Silva objected to the comment.
Comment (2) is also without justification. Implying that Silva's testimony was not credible, counsel instructed the jury to disregard it. In doing so, counsel assumed the role of a judge who had sustained an objection and had stricken testimony.
Rule 4-3.4(e) of the Rules Regulating the Florida Bar provides that a lawyer shall not, "in trial, allude to any matter that the lawyer does not reasonably believe is relevant *6 or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused." The comments violated that rule, and we join the third district in its attitude toward improper arguments as expressed in Bloch.
The judgment is vacated and the cause remanded for a new trial. Should the same trial judge be assigned to preside over this case, we would remind him that it is his obligation to rule upon an objection once it is made.
VACATED; REMANDED.
DAUKSCH and DIAMANTIS, JJ., concur.