632 So.2d 1065 (1994)
Frances DAVIES, As Personal Representative of the Estate and Survivors of Edward Davies, Deceased, Appellant,
v.
OWENS-ILLINOIS, INC., Appellee.
No. 93-1109.
District Court of Appeal of Florida, Third District.
February 15, 1994.
Rehearing Denied March 22, 1994.
Ferraro & Associates, James L. Ferraro and Marjorie N. Salem, Miami, for appellant.
George, Hartz, Lundeen, Flagg & Fulmer, Esther E. Galicia and Tracy E. Tomlin, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and HUBBART and GODERICH, JJ.
PER CURIAM.
The plaintiff, Frances Davies, as personal representative of the estate and survivors of Edward Davies, appeals from an order denying her motion for new trial, from a final judgment entered in favor of Owens-Illinois, Inc. [OI], and from the omnibus order on defendants' motion to dismiss, to strike and for more definite statement in asbestos personal injury litigation. We reverse and remand for a new trial.
From 1936 to 1949, Edward Davies was a pipe fitter, who worked in the engine and boiler room of Navy ships. He alleged he worked near insulators that were an asbestos-containing product manufactured by OI. During his career, Edward Davies worked at several places where asbestos-containing *1066 products were used. Edward Davies was diagnosed with mesothelioma, a lung disease caused by exposure to asbestos, on December 20, 1991. He then filed his complaint and notice of adoption of the master complaint against various asbestos manufacturers for negligence, strict liability, and breach of warranty. OI filed its notice of adoption of its comprehensive answer, affirmative defenses, and motion to dismiss. Edward Davies died on October 6, 1992. Frances Davies was substituted as the plaintiff and the allegations of the complaint were amended to allege wrongful death. As per the trial court's omnibus order dated October 11, 1991, all of the counts for negligence, except negligent failure to warn were dismissed without leave to amend.
At the close of her case-in-chief, the plaintiff dismissed her strict liability claim. The case proceeded to trial on the issue of OI's alleged failure to warn. At trial, the plaintiff sought to introduce the deposition of Edward Ames, an employee of Owens-Corning Fiberglass Company, Inc. [OCF] from 1940 to 1953 and of OI from 1954 to 1971. The deposition would have established that a working relationship existed between OI and OCF. The deposition would have also established that Harold Boeschenstein, the president of OCF and member of OI's board of directors, knew or should have known of the dangers of asbestos. The trial court, however, granted OI's motion in limine not permitting the plaintiff to introduce the Ames deposition because Ames' knowledge could not be imputed to OI.
The jury returned a verdict for OI. The trial court denied the plaintiff's motion for a new trial and entered a final judgment in favor of OI. The plaintiff appealed.
The plaintiff contends that the trial court abused its discretion in granting OI's motion in limine with regard to the deposition testimony of Edward Ames since this deposition was critical to the plaintiff's case in order for her to establish that OI had actual knowledge of the dangers of asbestos in workers in the insulation trade as early as 1941. We agree.
It is well settled that the actions of corporate directors and officers are attributable to the corporation itself. Tew v. Chase Manhattan Bank, 728 F. Supp. 1551 (S.D.Fla.), modified, 741 F. Supp. 220 (S.D.Fla. 1990). Whatever knowledge an agent acquires within the scope of his authority is imputed to his or her principal. LanChile Airlines v. Connecticut Gen. Life Ins. Co. of N. Am., 759 F. Supp. 811 (S.D.Fla. 1991); Anderson v. Walthal, 468 So.2d 291 (Fla. 1st DCA 1985); Ruotal Corp., N.W., Inc. v. Ottati, 391 So.2d 308 (Fla. 4th DCA 1980). Knowledge acquired by officers or agents of a corporation while acting adversely to the corporation is not imputable to the corporation. LanChile, 759 F. Supp. at 811; Tew, 728 F. Supp. at 1551; Joel Strickland Enters., Inc. v. Atlantic Discount Co., Inc., 137 So.2d 627 (Fla. 1st DCA 1962).
In 1938, OI and Corning Glass Works [CGW] formed OCF. Both OI and CGW retained a forty-nine percent ownership interest in OCF. Harold Boeschenstein was the president of OCF and a member of the board of directors of OI. In 1940, Edward Ames went to work at OCF as a public relations director. Beginning in 1941, Ames began to evaluate whether there were any health effects associated with the use of their fiberglass product.
In the deposition, Ames testified that he first became aware of the dangers of asbestos in 1941 through some pamphlets sent to him by an industrial hygienist working at OI. As a result, Ames suggested that OCF distribute information concerning the hazards of asbestos. Ames wrote a letter on January 7, 1942 to E.J. Marshall detailing the numerous medical publications that discussed the dangers of asbestos. Ames testified that Boeschenstein was aware of all of this.
As the president of OCF, Boeschenstein received and is chargeable with the information which he obtained from Ames. Furthermore, Boeschenstein carried this knowledge with him as a member of the board of directors of OI. The adverse exception of the general rule is not applicable in this case. Ames was not acting solely for his own personal benefit. Ames was acting within the scope of his employment in conducting the *1067 studies and reporting the results to Boeschenstein. This information was important to both companies.
The exclusion of the Ames deposition was extremely prejudicial in that it was the only evidence available which established that OI had actual knowledge of the dangers of asbestos to workers in the insulation trades or end product users as early as 1941. The testimony of Willis Hazard is distinguishable because the asbestos diseases he observed occurred in textile workers working with raw asbestos. We find that the trial court abused its discretion by granting OI's motion in limine. Accordingly, we reverse the final judgment and remand this cause to the trial court with instructions to grant a new trial.
One other point raised by the plaintiff merits discussion. During closing argument, OI's counsel made several comments on the evidence by asserting his personal opinion as to the credibility of witnesses. Such comments are unacceptable and violative of rule 4-3.4, Rules Regulating the Florida Bar. See Schreier v. Parker, 415 So.2d 794 (Fla. 3d DCA 1982) (discussing the earlier Florida Bar Code of Professional Responsibility). On retrial, counsel for OI should refrain from making further inappropriate arguments.
Reversed and remanded for a new trial.