639 So.2d 1096 (1994)
Oneila BOSCH and Jose Bosch, Appellants,
v.
Daniel G. HAJJAR, D.D.S., Appellee.
Nos. 92-3575, 93-1171.
District Court of Appeal of Florida, Fourth District.
July 20, 1994.
Frederick C. Morello of Frederick C. Morello, P.A., Daytona Beach, for appellants.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
We affirm the trial court's denial of appellants' motion for new trial, but reverse the award of attorney's fee to appellee.
While we have considered and rejected both of appellants' arguments directed to the motion for new trial, we feel it appropriate to address here only the issue upon which appellants focused at oral argument. We agree with appellants that counsel's isolated comments at closing argument, to which no objection was made, were improper. Nevertheless, the comments, under the facts of this *1097 case, did not constitute fundamental error. See State Farm Mut. Auto. Ins. Co. v. Dauksis, 596 So.2d 1169 (Fla. 4th DCA 1992), quashed on other grounds, 623 So.2d 455 (Fla. 1993).
As for the attorney's fee, when the applicable rule and statute governing offers of judgment are involved, the motion for an attorney's fee must be made within a thirty day period. At the relevant time in this case, Florida Rule of Civil Procedure 1.442(h)(1) (1991) read:[1]
Upon motion made within 30 days after the return of the verdict in a jury action or the date of filing of the judgment in a nonjury action, the court may impose sanctions equal to reasonable attorneys fees and all reasonable costs of the litigation accruing from the date the relevant offer of judgment was made.... (footnote omitted).
Similarly, section 768.79(6), Florida Statutes (1991), read: "Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal...."
Here, the motion was filed five months after the verdict and final judgment. It was untimely, and therefore should have been denied.
GLICKSTEIN and WARNER, JJ., concur.
ALVAREZ, RONALD V., Associate Judge, concurs specially with opinion.
ALVAREZ, RONALD V., Associate Judge, concurring specially.
This was a contested premises liability lawsuit that suffers from the same malady that in recent years has, with increasing and disturbing frequency, infected the courtrooms of this state. Appellee's closing argument contains statements that reflect the personal views of counsel and are not relevant to the issues or the facts presented to the jury during the trial. In commenting on appellant's claim for damages during closing argument, appellee's trial counsel stated:
That's why all these other figures are up there and it's not fair, it's not right, and it's not just.
... And that's why we have the president and the vice-president making all the noises they're making about  now I don't like it because I'm a lawyer. They want to do away with us. This is the reason why. Too many lawsuits on matters where there are no merit.
The statements about which the appellant now complains are contrary to the ethical standards established by the Florida Bar's Rules of Professional Conduct 4-3.4:
A lawyer shall not:
....
(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused.
The personal views that trial counsel felt constrained to share with the jury had no place in this case. See Silva v. Nightingale, 619 So.2d 4 (Fla. 5th DCA 1993); Davies v. Owens-Illinois, Inc., 632 So.2d 1065 (Fla. 3d DCA 1994).
In addition, trial counsel invoked the often expressed views of this nation's chief executive and vice-president, as they were in November of 1992, who favored the Executive *1098 branch being the entity, rather than a jury composed of the citizens of these United States of America, to decide which, if any cases, had merit. Had the appellant's counsel voiced a timely and proper objection to his opponent's comments, this matter would have been ripe for reversal and would have been remanded, "in a New York minute," to the trial court for a new trial.
Although compelling case law exists that mandates reversal and remand for a new trial, even absent objection, the specific statements that were uttered in the case at bar do not rise to the level of being so outrageous as to warrant reversal without a proper and timely objection having been made. A proper and timely objection would have afforded the trial judge an opportunity to give a curative instruction and remove the prejudice created by appellee's trial counsel.
It may be instructive to the trial bar to understand this court's growing frustration and quickly diminishing level of tolerance with the type and quality of the arguments that are being made to the same juries that are being instructed that:
Your verdict must be based on the evidence that has been received and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.
Fla.Std. Jury Instr. (Civ.) 7.1. This case supplies yet another example of comments made during closing arguments that are not welcomed in the courtrooms of the State of Florida. See Davies, 632 So.2d at 1065; Silva, 619 So.2d at 4; Bloch v. Addis, 493 So.2d 539 (Fla. 3d DCA 1986); Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 832 (Fla. 1986); Schreier v. Parker, 415 So.2d 794 (Fla. 3d DCA 1982); Hillson v. Deeson, 383 So.2d 732 (Fla. 3d DCA 1980); Eastern S.S. Lines, Inc. v. Martial, 380 So.2d 1070 (Fla. 3d DCA), cert. denied, 388 So.2d 1115 (Fla. 1980).
NOTES
[1] The corresponding Federal Rule for offers of judgment, Federal Rule of Civil Procedure 68, does not refer to a time limitation on making a motion for fees pursuant to the rule. In White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the Supreme Court of the United States said: "[T]he district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees." White, 455 U.S. at 454, 102 S.Ct. at 1168. The Court cited two cases in support of this point. Obin v. District No. 9, Int'l Ass'n of Machinists & Aerospace Workers, 651 F.2d 574 (8th Cir.1981) (recommending a twenty-one day time limitation for the filing of a claim for attorneys fees); and Knighton v. Watkins, 616 F.2d 795 (5th Cir.1980) (requests for attorney's fees "can be handled best by local rule"). White, 455 U.S. at 454, n. 16, 102 S.Ct. at 1168, n. 16.