WARNER, Judge,
concurring in part and dissenting in part.
The concurring opinion previously issued is withdrawn and the following is substituted in its place.
I concur in the affirmance of the appeal but would reverse as to the cross-appeal. I write to address two issues raised. First, appellant contends that it should have received a directed verdict in its favor on ap-pellee’s claim of intentional interference with a contract/business relationship because it had acted in good faith reliance on the advice of counsel in asserting a legally protected interest in its license agreement in a patent. It first claims that it cannot be charged with interference because it was a party to the contract, citing Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), rev. denied, 392 So.2d 1371 (Fla.1981). Appellant was not a party to the contract/business relationship in which appellee alleged interference. That agreement was between appellee and Black & Decker over the licensing and production *625 of one of appellee’s inventions. Appellant, claiming a legally protected interest based on its own contract with appellee involving another patent licensed to it by appellee, wrote to Black & Decker asserting its rights under the license agreement which it claimed were being violated by appellee’s agreement with Black & Decker. Therefore, Balter doesn’t apply.
Secondly, appellant claims that it “in good faith” asserted its legally protected interest in its license agreement with appellee and therefore its interference with appellee’s agreement with Black & Decker was justified. Indeed, appellant did present some evidence to show that its license agreement covered the patent which appellee was offering to Black & Decker. However, not only was there evidence to the contrary from which the jury could determine appellant did not have a legally protected interest, there was also evidence that the license agreement did not contain definitions which would have clarified appellant’s interest, if any, in the new patent, a fact which appellant’s attorney relayed. Without these, appellant’s interest in the new patent, while arguable, was not clear.
There was also ample evidence that even if its agreement may be read to cover appel-lee’s invention, appellant was asserting its claim, not to protect its economic interests, but to harm appellee. It had no intentions of marketing the invention itself, and in trying to negotiate with Black & Decker, the positions it took in resolving the patent licensing dispute could be viewed as being unreasonable and its conduct as vindictive. Even one who has a right to be asserted may not assert it solely in bad faith or with malice. Balter, I believe, is in accord with this view.[1] See Beardsley v. Kilmer, 236 N.Y. 80, 140 N.E. 203, 205-206 (1923), quoted in Balter at 1225; see also Restatement of Torts, Section 773 (1979); Coal Processing Equipment, Inc. v. Campbell, 578 F.Supp. 445 (S.D.Ohio 1981); cf. also Nodar v. Galbreath, 462 So.2d 803, 811 (Fla.1984). Since there was competent substantial evidence in this case that the interference by appellant was done solely out of malice and ill will, the jury verdict should not be overturned.
Having concluded that the intentional interference judgment can stand because the assertion of appellant’s interest was done solely with malice, it would be inconsistent not to agree with the appellee/cross-appellant that it was error for the trial court to direct a verdict on the issue of punitive damages. I therefore dissent as to this issue.
Finally, appellant complains that appellee’s counsel engaged in improper argument in closing. While the comments were improper, a review of all of the closing argument does not reveal that they were so prejudicial or pervasive as to sway the jury from a dispassionate consideration of the issues. See Silva v. Nightingale, 619 So.2d 4 (Fla. 5th DCA 1993). As yet, no district has established a per se reversal for improper argument. It is the cumulative and prejudicial effect of the improprieties which must be reviewed. In this case they do not compel reversal.

. Wackenhut Corp. v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980), which relies on Balter, is factually distinguishable.