650 So.2d 1138 (1995)
Herman A. OLBEK, Appellant,
v.
Monica Jane KRAUT, Appellee.
No. 94-494.
District Court of Appeal of Florida, Fifth District.
March 10, 1995.
Clifford M. Miller, Clifford M. Miller, Chartered, Vero Beach, for appellant.
Jack E. Carstensen, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Cocoa, for appellee.
PER CURIAM.
AFFIRMED.
HARRIS, C.J., and PETERSON, J., concur.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, Judge, concurring specially.
Appellant contends that defense counsel's witness interrogation and closing argument were improper, most prominently for injection of personal opinion, inflammatory argument of the "smoke and mirrors" sort and argument of facts not in evidence. Appellant is correct and the lower court should have stepped in, sustained such objections as were correctly made and let counsel know such improper comments would not be tolerated. Bellsouth Human Resources Administration, Inc. v. Colatarci, 641 So.2d 427, 430 (Fla. 4th DCA 1994). Indeed, given the commitment of this court and others to reverse, even in the absence of objection,[1] where counsel's conduct violates the code of professional responsibility, the trial judge should take appropriate measures to prevent such conduct. Pippin v. Latosynski, 622 So.2d 566, 568 (Fla. 1st DCA 1993).
The appellate courts of this state report a growing frustration and quickly diminishing level of tolerance with the type and quality of final arguments in jury cases. Bosch v. Hajjar, 639 So.2d 1096, 1097 (Fla. 4th DCA 1994) (Alvarez, A.J., concurring specially). The number of recent opinions on this issue (and reversals on this basis) is significant but not surprising. My own guess is that this is due less to a deterioration in ethical standards than to ignorance, poor training and lack of courtroom experience on the part of many trial lawyers. It also appears that the law pertaining to closing argument is growing in *1139 complexity. In reviewing opinions issued within the last two years, I counted fourteen discrete types of improper argument. Clearly, this is an area where training of counsel and of the judiciary is badly needed in order to prevent the waste of judicial resources, the squandering of juror time and effort and the expense of retrial incurred by the litigants.
I have joined the majority in refusing to reverse on the basis of defense counsel's comments for the reason expressed in my dissent in Blalock and also because the comments involved in this case (although improper) seem more ineffectual than inflammatory. After looking at the remaining issues raised by Appellant, I conclude none warrants reversal.
NOTES
[1] See, e.g., Walt Disney World Co. v. Blalock, 640 So.2d 1156 (Fla. 5th DCA 1994).