666 So.2d 995 (1996)
Cheryl A. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 95-349.
District Court of Appeal of Florida, Fifth District.
January 19, 1996.
*996 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Cheryl A. Jones appeals her conviction for aggravated battery,[1] leaving the scene of an accident with injuries,[2] and petit theft.[3] Jones raised two issues on appeal based upon fundamental error. First, although there were no contemporaneous objections, Jones argued that the cumulative effect of prosecutorial comments constituted fundamental error. Second, again Jones argued that although there was no objection, the jury was not properly instructed on a significant element of the crime of leaving the scene of an accident with injuries. We find no merit in the first issue argued. The state concedes error as to the second issue, and we reverse the conviction for leaving the scene of an accident with injuries and remand for a new trial.
Cheryl A. Jones and her co-defendant, Pamela Keith, were observed shoplifting by the manager of a beauty supply store. The manager called the Apopka Police Department and a uniformed officer, Allen Coffey, came to the store. The store manager pointed out Jones and Keith. Jones had left the store to park her car closer to the front door so that Keith would not have far to walk. As Keith walked out of the store, Officer Coffey asked her to stop. She ran toward Jones' car and got into the car. Officer Coffey banged his fist on the hood of the car and yelled "stop." Jones started the vehicle and attempted to leave. While still yelling "stop police," Officer Coffey stood in front of Jones' car, looked directly into her face and pointed his finger at her. Jones stared back at the officer and accelerated her car in his direction. Officer Coffey attempted to jump out of the way, but was struck by the car and knocked onto the hood. He then rolled to the ground. As a result of being struck by the car, Officer Coffey was injured and was required to have orthoscopic surgery.
Jones left the parking lot and was apprehended several minutes later. During a search incident to arrest, the arresting officers recovered a blue tote bag containing three hair trimmers and one "nail genie." The hair trimmers had been stolen from the store earlier in the day and still had the sales tags on them. The nail genie had been stolen the previous day from the same store. The items were positively identified by the store manager as stolen merchandise.
Jones testified at trial and admitted that she and Keith had entered the store to shoplift and had stolen the merchandise recovered from the blue tote bag. Jones admitted seeing Officer Coffey, but testified she did not recognize him as a police officer. Even though he was in uniform, she testified that she thought he was a security guard and not a police officer. Further, she denied hitting him with her car. Jones was originally charged with aggravated battery on a law enforcement officer, but the jury returned the lesser included verdict of aggravated battery. She was convicted as charged of the other crimes.
Jones contended that during closing argument, the prosecutor made several improper remarks which taken cumulatively denied her right to a fair trial. Specifically, she stated that the prosecutor commented upon her being a convicted felon, stated his personal beliefs on the evidence, and attempted to appeal to the sympathy of the jury by arguing that the case could just as easily have been a homicide case. Based upon these remarks, Jones argued that we should reverse *997 for a new trial. For the reasons stated below, we find that her first issue on appeal has no merit.
Initially, we note that Jones made only one objection to the state's closing argument. Jones' attorney objected that the prosecutor was testifying. The objection was made in response to the prosecutor's argument that based on his understanding and remembrance of the evidence, Jones did not testify in a straightforward manner and that she was being evasive. The trial court ruled "[p]roceed." No other objections were made by Jones' trial attorney nor were any requests made for curative instructions during the prosecutor's closing argument. The law is clear that a party's failure to object to improper prosecutorial comments will preclude appellate review, unless the comments are so prejudicial as to constitute fundamental error. See Street v. State, 636 So.2d 1297 (Fla. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 743, 130 L.Ed.2d 644 (1995); Fuller v. State, 540 So.2d 182, 184 (Fla. 5th DCA 1989). The control of prosecutorial comments to the jury is within the trial court's discretion, and the exercise of that discretion will not be disturbed absent a clear showing of abuse. Absent a contemporaneous objection, Jones' attorney was required to demonstrate that the prosecutor's comments constituted fundamental error. See Crump v. State, 622 So.2d 963, 972 (Fla. 1993) (holding that since prosecutorial comments did not constitute fundamental error, absence of preservation of issue by defense counsel precluded appellate review); Pacifico v. State, 642 So.2d 1178, 1182 (Fla. 1st DCA 1994). This court has held that fundamental error in closing occurs when the "prejudicial conduct in its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury." Silva v. Nightingale, 619 So.2d 4, 5 (Fla. 5th DCA 1993), quoting Tyus v. Apalachicola Northern R.R. Co., 130 So.2d 580, 587 (Fla. 1961). After careful review of the testimony and the closing argument in the case, we determine that the prosecutor's remarks did not deprive the jury of an opportunity to decide the case on the merits. There was no fundamental error.
One of the comments that Jones considered improper was clearly within the realm of appropriate closing remarks. When Jones was cross-examined, she admitted that she was a convicted felon. The prosecutor referred to that admission in his closing argument by stating that "I would submit to you that she's not quite being truthful with us, and I guess what you would expect from someone who is a convicted felon." The prosecutor further argued to the jury that "[w]e're not convicting her on this crime because she's a felon, but because she's a felon that indicates what attitude she has towards the law and the rules of society in telling the truth." A review of the record revealed that the prosecutor referred to Jones' prior conviction only to show the jury that in evaluating her testimony, they were required to treat Jones as they would any other witness. The prosecutor did not attempt to demonstrate that Jones had a propensity to commit crimes. The fact that Jones was a convicted felon was a matter that the jury could consider in evaluating her testimony to determine whether she was credible and reliable. See Fla.Std.Jury Instr. (Crim.) 2.04, 2.04(c).
We acknowledge that other comments made by the prosecutor were improper. The prosecutor did interject his own personal beliefs into his closing argument and did attempt to elicit sympathy for Officer Coffey by stating that "the only reason we're here on an aggravated battery and not a murder is because Officer Coffey jumped. He jumped and his feet were off the ground when she hit him and he went over the hood instead of under the car." The prosecutor's comments, however, were not so inflammatory or prejudicial as to have the jury return a verdict based upon anything other than the evidence. In this case, Jones was positively identified by the store manager and Officer Coffey. She admitted under oath that she entered the store with the intent to shoplift and did shoplift. Although she admitted driving the car and seeing Officer Coffey, she denied hitting him. She testified that he was injured when he jumped onto the hood of her car and then slipped to the ground only because he did not have a "good grip." The *998 jury accepted Officer Coffey's version of the facts. Because the evidence of Jones' guilt was compelling and overwhelming, we hold that the prosecutor's comments did not so impair the fairness of the trial as to constitute fundamental error. If there was any error, it was harmless when considered in light of the evidence in the case. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986) (explaining that harmless error test "places the burden on the state ... to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction"); State v. Murray, 443 So.2d 955, 956 (Fla. 1984) (holding that prosecutorial comments, which were "excessively pungent," did not constitute harmful error in light of the overwhelming evidence indicating defendant's guilt). Accordingly, we affirm the convictions for aggravated battery and petit theft.
As to the second issue raised by Jones, the state concedes error. The jury instruction for leaving the scene of an accident with injuries has been changed to include the element of scienter on the part of the defendant. The jury should have been instructed that a defendant either knew or should have known of the resulting injury in order to be found guilty of the offense of leaving the scene of an accident with injuries. State v. Mancuso, 652 So.2d 370, 372 (Fla. 1995). This instruction was required, but was not given. Although there was no objection, the trial court's giving of an incomplete and inaccurate instruction on the law during a jury instruction constitutes fundamental error where the error relates to an element of the offense. Ward v. State, 655 So.2d 1290, 1292 (Fla. 5th DCA 1995). Therefore, we reverse and remand for a new trial on the charge of leaving the scene of an accident with injuries.
AFFIRMED in part; REVERSED in part and REMANDED for a new trial.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] § 784.045(1)(a)(2), Fla. Stat. (1993).
[2] § 316.027, Fla. Stat. (1993).
[3] § 812.014(2)(d), Fla. Stat. (1993).