SORONDO, Judge.
The defendant, Tyrone L. Hill, appeals his convictions and sentences.
The crimes charged were committed on two separate days and charged in two Infor-mations. In case number 94-2602 the defendant was charged with one count of battery upon Officer Aguiar and one count of battery upon Officer Nanney. Both of these charges arose from events which occurred on January 24,1994. The trial court granted a judgment of acquittal as to the battery charge against Officer Nanney and the jury acquitted the defendant as to the battery against Officer Aguiar. The second case, number 94-2603, charged the defendant with resisting an officer with violence and battery on a law enforcement officer on January 18, 1994 and aggravated assault on a law enforcement officer and resisting an officer without violence on January 24, 1994. Officer Roberts was the alleged victim in all of these crimes. The convictions and sentences entered against the defendant were for the crimes of resisting an officer with violence on January 24th and resisting an officer without violence on January 18th, as against Officer Roberts.
During the course of his closing argument the prosecutor improperly bolstered the testimony of the police witnesses. The defendant argues that this bolstering rendered his trial “fundamentally unfair.” We begin by noting that the defendant did not object to the prosecutor’s offending comments.[1] The law is clear that a party’s failure to object to improper prosecutorial comments will preclude appellate review, unless the comments are so prejudicial as to constitute fundamental error. Street v. State, 636 So.2d 1297 (Fla.1994), cert. denied, 513 U.S. 1086, 115 S.Ct. 743, 130 L.Ed.2d 644 (1995); Jones v. State, 666 So.2d 995 (Fla. 5th DCA 1996); Fuller v. State, 540 So.2d 182 (Fla. 5th DCA 1989). Fundamental error in closing argument occurs when the “prejudicial conduct in its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury.” Silva v. Nightingale, 619 So.2d 4, 5 (Fla. 5th DCA 1993)(quoting Tyus v. Apalachicola Northern R.R. Co., 130 So.2d 580, 587 (Fla.1961)). Under the facts of this ease we cannot conclude that the prosecutor’s comments amounted to fundamental error.
Regardless of the prosecutor’s admittedly improper bolstering of the officers’ testimony, it is clear that the jury was able to carefully weigh the evidence and accept only that testimony it found credible. The jury’s meticulous verdict demonstrates that the prosecutor’s comments did not “gravely [impair] a calm and dispassionate consideration of the evidence.” Silva, supra. This is particularly true in light of defense counsel’s concession during summation that the defendant was guilty of resisting an officer without violence. Specifically, counsel said:
Mr. Hill did run from the police. Mr. Hill had every intent and only the intent to run from the police officer. His intent was not to strike the police officer. It was not to create a scene there. His intent was to run away from Officer Roberts who said he was nervous. He was very nervous and he kind of freaked out and his intent was to get the heck out of there.
Tyrone is guilty of resisting arrest without violence.
In the second portion of his summation defense counsel continued:
What he did do was he resisted without violence. He ran. He shouldn’t have but he did. We are not denying that. He should be found guilty of that.
By taking this position, the defendant essentially confirmed Officer Roberts’ version of events except for those portions of his testimony which described the defendant’s violent behavior. The jury convicted the defendant of a crime which he admitted in part and a *451 second crime it may have understood him to admit.[2]
Because we find no merit in this or any issue raised by the defendant, we affirm.

. During his summation, defense counsel commented on the state’s failure to call one of the police officers involved in the defendant’s arrest. The prosecutor responded to this statement by telling the jury that both the defendant and the state had equal subpoena power. The only objection made by defense counsel during the state’s closing argument was to this comment.

. We note that defense counsel’s summation was not a model of clarity. After carefully reading the transcript we have concluded that the admission of guilt as to the crime of resisting an officer without violence was intended to concede the lesser included offense to the charge of resisting an officer with violence. Given the less than clear presentation of this argument, however, it is entirely possible that the jury considered it to be an admission of both "resisting” charges.