ORFINGER, M., Senior Judge.
Appellant was charged and convicted of robbery with a firearm, possession of a firearm by a convicted felon and attempted carjacking with a firearm. Charged also with attempted first degree murder, he was convicted of attempted second degree murder. He contends (1) that a remark made by the prosecutor in closing argument was so prejudicial as to warrant reversal, and (2) that the trial court improperly added 18 points to the seoresheet for possession of a firearm. We affirm on the first point but reverse on the second.
The evidence which the jury obviously accepted indicated that appellant got out of the back seat of an automobile with a firearm in his hand, went up to the victim’s car, demanded that the victim get out of his car, and when, the victim hesitated, shot him in the chest, dragged the victim out of the car, kicked him in the head, and unsuccessfully tried to start the victim’s car. In closing argument, the prosecutor, without objection made several comments about the defendant’s attempt to take a man’s life.[1] Her last statement before concluding, and the statement objected to, was: “The state has proven every single element to you beyond a reasonable doubt. And don’t ... and look at him, look at this man, because this man here will kill somebody in a heartbeat.” Defense counsel objected to this last statement without stating any ground for the objection, and was overruled by the court.
*925 While this very last statement might have been better left unsaid, in the light of the evidence and the similar unob-jected to remarks by the prosecutor, we fail to find an abuse of discretion in overruling defendant’s objection to the last remark. In making closing argument to a jury, a prosecutor is entitled to argue the evidence admitted at trial and all logical inferences therefrom. Breedlove v. State, 413 So.2d 1, 8 (Fla.1982). The control of prosecutorial comments is within the trial court’s discretion, and the exercise of that discretion must not be disturbed absent a clear showing of abuse. Jones v. State, 666 So.2d 995, 997 (Fla. 5th DCA 1996). Taken in context, the objected to remark could be viewed as an argument that the attempted murder was coldly deliberate and intentional.
Appellant is correct, however, that eighteen sentencing points should not have been added to his scoresheet. Section 921.0014(l)(a), Florida Statutes (1996), requires the addition of eighteen points in firearm possession “... if the offender is convicted of committing or attempting to commit any felony other than those enumerated in section 775.087(2).” Murder, robbery and carjacking are specifically enumerated in that section. In White v. State, 714 So.2d 440 (Fla.1998), the supreme court held that where no separate substantive felony is involved, the legal elements of which do not require possession of a firearm, imposition of eighteen sentence points is error. Since possession of a firearm is a legal element of the crime of possession of a firearm by a convicted felon, it was error as well to assess the additional points for that crime.
CONVICTION AFFIRMED. SENTENCE VACATED AND REMANDED FOR RESENTENCING.
HARRIS and PETERSON, JJ., concur.

. For example, when commenting on testimony of an eyewitness the prosecutor said: "that man right there was willing to take another man’s life in about ten seconds, and gave no thought to it whatsoever. And not only would he take another man’s life and not only would he try that night ... but he kicks him while he’s on the road and steals his stuff." There was no objection to this statement. There were other similar unobjected to comments made.