PARKER, Acting Chief Judge.
Entran Hendrix challenges his conviction for possession of contraband in a county detention facility, alleging that the State made an improper comment during closing argument. Because we find that Hendrix failed to object to the allegedly improper comment at trial, we affirm.
Hendrix asserts that the prosecutor made statements during closing argument that amounted to improper comment on Hendrix’s right to remain silent. “Ordinarily, to preserve a claim based on improper comment, counsel has the obligation to object and request a mistrial. If counsel fails to object or if, after having objected, fails to move for a mistrial, his silence will be considered an implied waiver.” Nixon v. State, 572 So.2d 1336, 1340 (Fla.1990). In this case, counsel for Hendrix did not object to the allegedly improper comment and did not move for a mistrial at any time during the proceedings. Therefore, Hendrix waived any objection to the allegedly improper comment.
It is true that error which is fundamental may be raised for the first time on appeal. See Mordenti v. State, 630 So.2d 1080, 1084 (Fla.1994). However, we conclude based on the record in this case that the allegedly improper comment did not rise to the level of fundamental error. See D’Ambrosio v. State, 736 So.2d 44, 46 (Fla. 5th DCA 1999); Bell v. State, 723 So.2d 896 (Fla. 2d DCA 1998).
Affirmed.
WHATLEY and SALCINES, JJ., Concur.