783 So.2d 1236 (2001)
Carlos ECHEVARRIA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-571.
District Court of Appeal of Florida, Fifth District.
May 11, 2001.
*1237 James B. Gibson, Public Defender, Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Carlos Echevarria appeals his judgment and sentence which were entered by the trial court after a jury found him guilty of committing the offense of grand theft auto.[1] We affirm.
Echevarria first challenges his conviction, arguing that he is entitled to receive a new trial because the prosecutor made improper comments during closing argument. Specifically, he claims that the prosecutor's statements improperly vouched for the credibility of the State's witness. Since the record reveals that the alleged improper comments were not objected to at trial, Echevarria has waived his right to appellate review of this issue unless we conclude the comments were both improper and so prejudicial as to constitute fundamental error. See Jones v. State, 666 So.2d 995, 997 (Fla. 5th DCA 1996). Fundamental error in closing argument occurs only when the prejudicial conduct is so extensive that its influence pervaded the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury. Id. Here, the prosecutor's comments merely highlighted the fact that the witness's testimony and the testimony submitted by Echevarria were irreconcilable and thus it would be up to the jury to resolve the conflict based upon their determination of the witnesses' credibility. Since the comments of the prosecutor were not improper, we reject Echevarria's claim of reversible error.
Echevarria also contends that the portion of his sentence which requires him to comply with Orange County's Collections Court Program created by Ninth Judicial Circuit Administrative Order No. 07-99-26 should be stricken as improper. We agree. In Blackiston v. State, 772 So.2d 554 (Fla. 5th DCA 2000), this court struck down Administrative Order No. 07-99-26 as invalid, holding that the order improperly limited the discretionary authority vested in trial courts to utilize the program only when they deemed it appropriate.
We affirm Echevarria's judgment and sentence but strike the portion of the sentence which directs him to comply with the Orange County Collections Court Program.
*1238 Judgment and Sentence AFFIRMED as modified.
PETERSON and SAWAYA, JJ., concur.
NOTES
[1] § 812.014(2)(c)6., Fla. Stat. (1997).