801 So.2d 1037 (2001)
Lenon Lee McARTHUR, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3362.
District Court of Appeal of Florida, Fifth District.
December 21, 2001.
*1038 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Lenon McArthur, Jr. [McArthur] appeals his conviction and sentence for the crime of committing a lewd and lascivious act on J.D., a minor. McArthur, who is twenty-one years of age, argues his conviction should be reversed and a new trial ordered because the State's closing argument beseeched the jurors' sympathy, mocked his theory of defense, misstated the law, and interjected personal opinion in regard to J.D.'s credibility and truthfulness. We affirm.

Factual Background
The State's evidence consisted mostly of the testimony of J.D. and Detectives Tom House and Gary Boyer of the Titusville Police Department. J.D., who was thirteen at the time of the incident, described her sexual encounter with McArthur. She testified that she was unaware of whether McArthur ejaculated and added that he left five to ten minutes after having sex. Four months after her encounter with McArthur, J.D. learned she was pregnant. She informed her mother of the pregnancy and identified McArthur as the father. J.D.'s mother reported the situation to the police. During the ensuing investigation, J.D. learned that McArthur was not the father of the baby because of her due date. J.D., however, did not reveal her secret to her mother or Detective House until after the baby was born and a blood test excluded McArthur as the father of the child.
Detective House testified that J.D. informed him that she did have sex with McArthur and that McArthur was the father *1039 of her baby. Sometime after receiving that information, Detectives House and Boyer escorted McArthur and his wife to a hospital in order to execute a warrant which permitted retrieval of two viles of blood from McArthur. During the trip, McArthur commented that had he known J.D. was so young, he would not have had sex with her. The detective also stated that McArthur said that if the baby was his, he would take parental responsibility and seek visitation. Detective House further testified that McArthur questioned how J.D. could have become pregnant because he had used a condom when they engaged in sex. McArthur also asked about the baby's appearance. When Detective House responded that the baby had "silky hair like an Indian," McArthur smiled and told him his mother had long silky hair.
After the State rested its case, McArthur presented the testimony of his wife, Laquetha, a certified nursing assistant, who asserted that there was very little conversation in the car regarding J.D. She described the conversation as nothing more than "regular" and denied that McArthur admitted to having sex with J.D. McArthur, during his brief testimony, vehemently denied having any sexual relations with J.D.
We chronicle the testimony presented during the trial to show that, after the blood test excluded McArthur as the father of J.D.'s child, the credibility of the witnesses became an issue in the case. McArthur argues that the State impermissibly vouched for the credibility of its witnesses during its closing argument and, therefore, reversal is necessary pursuant to Williams v. State, 673 So.2d 974 (Fla. 1st DCA 1996). The State argues that McArthur failed to object during its closing argument and, therefore, failed to preserve the issue for appellate review. Nonetheless, the State submits that its comments were well within the bounds of proper closing arguments. The State argues it was not vouching for the victim's credibility; rather, it was simply reviewing its evidence and presenting a logical argument which flowed therefrom.

Standard Of Review
The primary purpose of closing argument is to give the parties an opportunity to summarize the evidence and explain how the facts derived therefrom should be applied to the law as instructed by the trial court. See Ruiz v. State, 743 So.2d 1 (Fla.1999);[1]Hill v. State, 515 So.2d 176, 178 (Fla.1987) ("The purpose of closing argument is to help the jury understand the issues by applying the evidence to the law applicable to the case."); Seckington v. State, 424 So.2d 194, 195 (Fla. 5th DCA 1983) ("One of the purposes of closing arguments is to give the attorneys the opportunity to tie together for the jury the law and the facts ...."); see also Knoizen v. Bruegger, 713 So.2d 1071 (Fla. 5th DCA *1040 1998). The courts generally allow wide latitude in closing arguments by permitting counsel to advance all legitimate arguments and draw logical inferences from the evidence. See Lukehart v. State 776 So.2d 906 (Fla.2000), cert. denied, ___ U.S. ___, 121 S.Ct. 2561, 150 L.Ed.2d 726 (2001); Thomas v. State, 748 So.2d 970 (Fla.1999).
The standard of review appellate courts generally apply when considering errors in a trial court's decision overruling objections to improper comments made during closing arguments is abuse of discretion. Moore v. State, 701 So.2d 545 (Fla.1997), cert. denied, 523 U.S. 1083, 118 S.Ct. 1536, 140 L.Ed.2d 685 (1998); Brown v. State, 718 So.2d 923 (Fla. 5th DCA 1998). Thus, the trial court has discretion in controlling the comments made during closing argument and appellate courts will generally not interfere with the wide latitude afforded litigants in presenting their closing arguments unless an abuse of discretion is shown. Moore.
Absent a contemporaneous objection, appellate courts will not review alleged inappropriate comments made by counsel during closing argument unless the comments constitute fundamental error.[2]Morton v. State, 789 So.2d 324 (Fla. 2001); Brooks v. State, 762 So.2d 879 (Fla. 2000); Echevarria v. State, 783 So.2d 1236, 1237 (Fla. 5th DCA 2001) (citing Jones v. State, 666 So.2d 995 (Fla. 5th DCA 1996)); see also Kilgore v. State, 688 So.2d 895, 898 (Fla.1996); Wyatt v. State, 641 So.2d 355 (Fla.1994). The Florida Supreme Court has defined fundamental error in closing argument as error that "reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Urbin v. State, 714 So.2d 411, 418 n. 8 (1998) (quoting Kilgore, 688 So.2d at 898); see also Downs v. Moore, 801 So.2d 906 (Fla.2001); Morton, 789 So.2d at 329 (quoting Brooks, 762 So.2d at 898).
In order to determine whether improper remarks constitute reversible error, they should be reviewed within the context of the closing argument as a whole and considered cumulatively within the context of the entire record. See Cochran v. State, 711 So.2d 1159 (Fla. 4th DCA 1998); see also Brooks, 762 So.2d at 899 (quoting Cochran, 711 So.2d at 1163). Thus while an improper comment may in one case constitute reversible error, it may not be viewed as reversible error in another case when considered in the context of the entire record. Id.
McArthur concedes that he did not object to the alleged improper comments made by the State in its closing argument. Thus, he has waived his right to appellate review of that issue unless the comments were improper and so prejudicial as to constitute fundamental error. McArthur did object to the alleged improper comments in the State's rebuttal argument, and therefore, we will review those comments pursuant to the abuse of discretion standard.

Legal Analysis
We find that the trial court did not abuse its discretion in overruling McArthur's objections to the rebuttal comments. Moreover, we find any error that may have occurred is harmless. Therefore, we decline to discuss that issue further.
*1041 Directing our attention to the State's closing argument, our thorough review of the argument in its entirety reveals that the vast majority of it simply highlighted the irreconcilable differences between the testimony of the State's and McArthur's witnesses and stressed to the jurors that it was up to them to resolve the conflicts and determine the credibility of the witnesses. This is certainly proper argument. See Echevarria. Moreover, we do not find that the State beseeched the jurors' sympathy or misstated the law.
McArthur is correct that some of the State's remarks could be interpreted as suggesting that the victim, J.D., was being more truthful. Thus, McArthur argues that, like the numerous cases which hold that the state's improper bolstering of a law enforcement officer in closing argument is reversible error, see Livingston v. State, 682 So.2d 591 (Fla. 2d DCA 1996); Cisneros v. State, 678 So.2d 888 (Fla. 4th DCA 1996); Williams; Richmond v. State, 387 So.2d 493 (Fla. 5th DCA 1980), it was equally impermissible for the State to bolster J.D.'s testimony.
However, these cases are distinguishable because, unlike the instant case, timely objections were made to the improper remarks and the fundamental error analysis was, therefore, inapplicable. Moreover, each case involved the state vouching for the veracity of the witnesses simply because they were law enforcement officers. Here, the State expressed its opinion in regard to the alleged victim; not Detectives House and Boyer.
We conclude that, because J.D.'s testimony was not the only evidence of McArthur's guilt, the improper remarks by the prosecutor do not rise to the level of fundamental error. Detectives House and Boyer consistently testified to McArthur's statements made during the car ride to the hospital and at the hospital regarding the baby's skin and hair and his sexual encounter with J.D. Therefore, in addition to J.D.'s testimony, there was other competent evidence from which the jury could have determined McArthur's guilt.

Conclusion
Applying the standard of review we have set out in this opinion, we find that the alleged improprieties in the State's closing argument did not rise to the level of fundamental error and that the trial court did not abuse its discretion in overruling the objection to the State's rebuttal argument. We therefore affirm the judgment and sentence.
AFFIRMED.
THOMPSON, C.J., and SHARP, W., J., concur.
NOTES
[1] In Ruiz, the supreme court explained the proper function of the attorney in presenting his or her closing argument as follows:

The role of the attorney in closing argument is "to assist the jury in analyzing, evaluating and applying the evidence. It is not for the purpose of permitting counsel to `testify' as an `expert witness.' The assistance permitted includes counsel's right to state his contention as to the conclusions that the jury should draw from the evidence." United States v. Morris, 568 F.2d 396, 401 (5th Cir.1978) (emphasis in original). To the extent an attorney's closing argument ranges beyond these boundaries it is improper. Except to the extent he bases any opinion on the evidence in the case, he may not express his personal opinion on the merits of the case or the credibility of witnesses. Furthermore, he may not suggest that evidence which was not presented at trial provides additional grounds for finding defendant guilty.
743 So.2d at 4.
[2] The defendant must also move for a mistrial in order to preserve the issue for appellate review. Rose v. State, 787 So.2d 786 (Fla. 2001); Hendrix v. State, 767 So.2d 493 (Fla. 2d DCA 2000). The reason for this procedural rule is to require counsel to promptly act if he or she believes that the error merits an end to the proceedings and a new trial. Rose.