WELLS, Judge.
Rolando Mel Cano appeals from his convictions and consecutive life sentences for the murders of his wife and her elderly aunt and from his conviction for felony animal cruelty related to the death of a family pet, which occurred simultaneously with the murders. Cano, who repeatedly confessed to the killings (including that of the family pet), raises only three points on appeal, two relating to the animal cruelty conviction, one relating to a single comment made by the State in closing argument. Because we find no merit in any of these points, we affirm.
First, we find no merit in Cano’s argument that a verdict should have been di *615 rected on the animal cruelty charge because there was no evidence of a crime relating to the pet’s death. The record reveals that there was sufficient circumstantial evidence that the pet’s death was the result of a criminal act to send this charge to the jury. See Fitzpatrick v. State, 900 So.2d 495, 507 (Fla.2005) (“If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.”).
Second, we find no abuse of discretion in the trial court’s refusal to grant a motion for mistrial following a single unsolicited comment made during cross examination regarding the drowning death of an earlier owned family pet. The comment came during questioning of a neighbor about two similar pets owned by the family in the past and was made as part of a response to defense counsel’s statement that those pets had lived for about fifteen years. The jury immediately was instructed to disregard the comment and advised that it had no relevance to this case “whatsoever.” No testimony was adduced that Cano had any part in this pet’s death and no further mention of the drowning was made by either side thereafter. See Goodwin v. State, 751 So.2d 537, 546 (Fla.1999) (“a trial court’s ruling on a motion for mistrial is subject to an abuse of discretion standard of review”).
Third, we find the State’s single comment that it did not ask for instructions on insanity since insanity was an affirmative defense does not warrant reversal because the defense failed to preserve the error, because a curative instruction was given, and because when reviewed in context, without a doubt is harmless. See Moore v. State, 701 So.2d 545, 550 (Fla.1997) (“Error is harmless where ‘there is no reasonable possibility that the error contributed to the conviction.’ State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).”); McArthur v. State, 801 So.2d 1037, 1040 (Fla. 5th DCA 2001) (“In order to determine whether improper remarks constitute reversible error, they should be reviewed within the context of the closing argument as a whole and considered cumulatively within the context of the entire record.”).
Accordingly, the convictions and sentences are affirmed.