642 So.2d 4 (1994)
Donald P. LUCE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03445.
District Court of Appeal of Florida, Second District.
July 6, 1994.
Rehearing Denied September 14, 1994.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Affirmed.
HALL, A.C.J., and FULMER, J., concur.
BLUE, J., concurs specially.
BLUE, Judge, specially concurring.
I concur in the result affirming the conviction because the defendant failed to contemporaneously object to the prosecutor's improper closing argument. Thus, he has not preserved for review the trial court's failure to grant a mistrial.
I write because I am disturbed by the increasing number of improper arguments appearing in the trial records that come before this court in both criminal and civil cases. I understand the role of the advocate. I understand that advocates worth their salt wish to win. However, the courtroom is not an arena for testing the relative strengths of gladiators; it is the place where citizens of our state expect to settle disputes in a manner more civilized than hand-to-hand combat.
In fairness, the conduct in this case was not nearly as egregious as has been observed in other records. In the instant case, the prosecutor offered his personal opinion of the evidence. He also offered his personal opinion of the credibility of a witness: "Lance Brown, he was probably as dumb as a stump and I respect him, but at least he was honest." (Emphasis added.)
Trial attorneys must avoid improper argument if the system is to work properly. If attorneys do not recognize improper argument, they should not be in a courtroom. If trial attorneys recognize improper argument and persist in its use, they should not be members of The Florida Bar.
Unfortunately the doctrine of harmless error feeds the virus that we wish to cure. In cases where the evidence is overwhelming, the appellate courts tend to overlook improper argument because it would not change the result. Why, I ask, would someone resort to improper argument when the evidence is overwhelmingly in favor of the side employing the improper argument?[1]
*5 Trial courts are in the best position to provide the solution to the problem. Mistrials are not appealable. Having said that, I also understand the problems facing trial judges. They have overcrowded dockets and retrials significantly add to their burden.
Perhaps the trial judge had the solution in the instant case. When faced with a motion for mistrial, he remarked: "Maybe when you get reversed, maybe they should make you pay for the cost of the trial and I suspect it will only take one lesson in that regard."
NOTES
[1] I do not intend to imply that in the instant case the evidence was overwhelming. Quite the contrary, the case turned on the credibility of conflicting testimony from state and defense witnesses.