PATTERSON, Judge.
Robert Washington appeals from his convictions for two counts of sexual battery on a *280 child under the age of twelve and two counts of sexual activity with a child over the age of twelve but under the age of eighteen, all involving the same victim. We reverse and remand for a new trial based on prosecutorial misconduct.
Washington raises two issues on appeal. First, we address a statement by a prospective juror during voir dire. The prospective juror explained that she was predisposed to Washington’s guilt because she had been the victim of child abuse herself. Defense counsel moved to strike the entire veni-re. The court denied the motion and gave a lengthy curative instruction, which we conclude was adequate. It was not an abuse of discretion to deny the motion.
Next, we consider a statement the prosecutor made in closing argument, apparently to bolster a difficult case. The victim, Washington’s step-daughter, was nineteen years old at the time of trial. She testified that the two incidents of capital sexual battery occurred at night in a small bedroom where she slept with five siblings in two beds. The victim stated that the episodes lasted twenty minutes each and that none of the other children awoke during these events. She had given inconsistent testimony as to how these events occurred at a prior deposition. She did not report the incidents, although she had immediately reported similar incidents involving her step-grandfather. The state then called the victim’s younger sister as a Williams[1] rule witness. She testified to “inappropriate touching” by Washington on several occasions. She also had made no report.
Washington testified that none of these events had happened. His wife testified that the family lived in a small two-bedroom house and that she never observed anything that would support the girls’ accusations.
Thus, the case came down to a credibility contest, with Washington and his wife opposing the two sisters. Against this backdrop, the prosecutor said in closing:
Joseph Goebbels, who was a propaganda minister for Germany back at the time of Adolf Hitler, had a theory. He believed that you should lie to the people but that you shouldn’t lie with small lies because you can get caught in small lies. What you should do is you should lie big, come up with a big lie because that’s something that you might be able to have the people buy is the big lie. Of course, at that time it was that the Jews were responsible for everything that was wrong in the world and they should be exterminated.
Well, the defense in this case is nothing but a big lie.
Defense counsel moved for a mistrial based on prosecutorial misconduct. The trial court denied the motion.
In the context of this case, it is difficult for us to perceive a more egregious and prejudicial statement. It is “unquestionably improper” for a prosecutor to state that the defendant has lied. O’Callaghan v. State, 429 So.2d 691, 696 (Fla.1983). These remarks can be interpreted in no other way. Additionally, it constitutes an improper statement of opinion by the prosecutor. See Singletary v. State, 483 So.2d 8 (Fla. 2d DCA 1985). As a result of the prosecutor’s highly improper remarks, we have no choice but to reverse Washington’s judgment and sentence. As Judge Blue stated in his specially concurring opinion in Luce v. State, 642 So.2d 4 (Fla. 2d DCA 1994), “If attorneys do not recognize improper argument, they should not be in a courtroom.”
Reversed and remanded for new trial.
DANAHY, A.C.J., and LAZZARA, J., concur.

. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).