723 So.2d 896 (1998)
Demitrius BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 97-01141.
District Court of Appeal of Florida, Second District.
December 30, 1998.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Demitrius Bell appeals his convictions for driving with a suspended license, resisting arrest with violence, possession of cannabis, and three counts of battery on a law enforcement *897 officer. While we affirm the convictions, we write to address the issue raised concerning improper comments of the prosecutor during closing argument.
The record reflects that the prosecutor vouched for the truthfulness of the officers, told the jury to send Bell a message, argued matters not in evidence, and commented on Bell's exercise of his right to a jury trial. Bell failed to preserve for review the alleged error concerning most of these comments. See Parker v. State, 705 So.2d 959 (Fla. 2d DCA 1998). Bell did object and request a curative instruction when the prosecutor told the jury that the "only one reason we're here" was because Bell had a right to a jury trial. Although the trial court erred in overruling the objection, this comment alone was not so harmful as to survive a harmless error analysis. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Furthermore, we conclude that the unobjected-to comments do not constitute fundamental error. See Mordenti v. State, 630 So.2d 1080 (Fla.1994). Consequently, we are compelled to affirm. However, our affirmance should not be construed as approval of the remarks made by the prosecutor.
We continue to be concerned when trial counsel make improper arguments to a jury. At times it seems as if certain counsel consider the harmless and fundamental error rules to be a license to violate both the substantive law and the ethical rules that prohibit improper argument. We reiterate the admonition of Judge Blue in his specially concurring opinion in Luce v. State, 642 So.2d 4 (Fla. 2d DCA 1994): "Trial attorneys must avoid improper argument if the system is to work properly. If attorneys do not recognize improper argument, they should not be in a courtroom. If trial attorneys recognize improper argument and persist in its use, they should not be members of The Florida Bar."
Affirmed.
QUINCE, J., concurs.
ALTENBERND, Acting Chief Judge, concurs specially.
ALTENBERND, A.C.J., concurring.
Both defense attorneys and prosecutors make improper closing arguments in criminal cases. Because of the nature of appellate process, and in light of the doctrine of double jeopardy, we primarily review prosecutorial misconduct. In the final analysis, however, appellate courts have little practical ability to police misconduct in closing arguments by either prosecutors or defense attorneys.
There are about a dozen bad tactics that this court sees with regularity in closing arguments. I am increasingly convinced that the state attorneys, the public defenders, and the circuit court judges, at a statewide level, need to create a continuing legal education videotape for prosecutors and a separate videotape for defense attorneys, demonstrating improper closing arguments that are against the rules and should never be made. Each new attorney who practices in criminal court should be required to view these tapes before the attorney is allowed to try a case. When an attorney violates the rules for the first time in closing argument, the trial judge should be encouraged to require the attorney to view the tape again. After two or three viewings, if an attorney still cannot argue within the rules, other more serious sanctions should be imposed either by a supervising attorney or by the trial court. Given the seriousness of these trials and the ramifications of appellate court reversals, the public, the victims of crime, and the defendants deserve no less.