PLEUS, J.
Lewis appeals his convictions for first degree premeditated murder and robbery with a deadly weapon. His sole argument is that the trial court erred in denying his motion for mistrial and a curative instruction after the prosecutor stated in closing argument that it was Lewis “that chose to bring us here today and force you to listen to this testimony.... ” We find the trial court correctly found that the prosecutor’s comment was an invited response and affirm.
Lewis was charged with first degree premeditated murder and robbery with a deadly weapon. During closing arguments in the guilt phase of the trial, defense counsel stated:
Now, we all know the seriousness. That is why we are here. The State wants to execute, wants to kill James Lewis. Or they want him carried out of prison in a box after having served life without any possibility of parole.
Later, during the State’s closing argument, the prosecutor stated:
The Defense has the gall to get up there and say the State of Florida wants Mr. Proko to die — I am sorry Mr. Lewis — I will get to Mr. Proko in a second. Or the State wants Mr. Lewis to come out of prison in a box, and that’s not true. The State would prefer that we were not here at all.
It’s Mr. Lewis that chose to bring us here and force you to listen to this testimony and decide whether or not—
At this point, defense counsel interrupted and moved for a mistrial, arguing that the State was improperly commenting on Lewis’ exercise of his right to a jury trial. The judge denied his motion, after which defense counsel asked for a curative instruction. The judge denied this request as well, stating:
I think [the prosecutor] is entitled to explain his actions. This all goes hand-in-hand with a number of scenarios that [defense counsel] gave to that jury.
[[Image here]]
... He can certainly explain to the jury what brought the State here. He can certainly do that, and I think that is what he is doing now.
Defense counsel continued to argue the point, stating that what the prosecutor was essentially saying was, “Folks, you have to sit here and listen to this crap ... because Mr. Lewis chose to commit a murder. He doesn’t have the right to a jury trial, you should punish him for making you sit through this.” The judge rejected this argument, stating:
That is your interpretation of that, and I disagree with that. Because I am here and I am observing the demeanor of all of the lawyers and I am hearing the tone of voice and I have also heard all of the evidence. And I don’t get that inference.
Lewis argues that the trial court erred in denying his motion for mistrial because the prosecutor improperly commented on his right to jury trial. In support of this argument, he cites two cases finding reversible error for a prosecutor’s improper comments on a defendant’s right to remain silent or failure to testify. See State v. Kinchen, 490 So.2d 21 (Fla.1985) and Varona v. State, 674 So.2d 823 (Fla. 4th DCA 1996).
The State argues that the prosecutor’s statement was not an improper comment on the right to jury trial, but instead an “invited response” to the defense’s closing *103 argument. Alternatively, the State argues that the error was harmless.
Clearly, it is improper to comment on a defendant’s right to a jury trial. See Bell v. State, 723 So.2d 896 (Fla. 2d DCA 1998). In Bell, the appellate court found that the trial court erred in overruling an objection to the prosecutor’s comment that the “only one reason we’re here” was because the defendant had a right to a jury trial. Id. at 897.
However, we agree with the trial court and the State that the comment was an invited response to the defense’s closing argument. As the State notes, in Rivera v. State, 840 So.2d 284, 286-87 (Fla. 5th DCA 2003), this Court stated:
“In order to determine whether improper remarks constitute reversible error, they should be reviewed within the context of the closing argument as a whole and considered cumulatively within the context of the entire record.” [quoting McArthur v. State, 801 So.2d 1037 (Fla. 5th DCA 2001)] (citing Brooks v. State, 762 So.2d 879 (Fla.2000); Cochran v. State, 711 So.2d 1159 (Fla. 4th DCA 1998)). Thus, a comment standing alone may be viewed as inappropriate, but when considered within the context of the entire closing argument and the record, it may be a fair comment.
In Dufour v. State, 495 So.2d 154 (Fla.1986), the supreme court found that the prosecutor’s argument that “ ‘[y]ou haven’t ... heard any evidence that [the defendant] had any legal papers” in his jail cell “merely rebutted” the defense’s argument that a witness had access to and could have based his testimony on the defendant’s legal papers. Id. at 160. The court held this comment constituted an “invited response” and consequently, the trial court acted properly in denying the motion for mistrial. Id. at 161.
The same is true in the instant case. Defense counsel argued that the reason they were in court was because the State wanted to kill Lewis or see him carried out of prison in a box. The State responded by specifically identifying the defense assertions and then explaining that the reason they were in court was because Mr. Lewis, not the State, “chose to bring us here and force you to listen to this testimony.” Consequently, the trial court properly found that this was an invited response. Dufour, Rivera.
AFFIRMED.
SAWAYA, C.J., and PETERSON, J., concur.