PER CURIAM.
We affirm. We write only to comment that, although not rising to the ■ level of fundamental error, the prosecutor’s closing argument in this case exceeded the bounds of proper argument. Again, we reiterate the admonition of Judge Blue in his specially concurring opinion in Luce v. State, 642 So.2d 4 (Fla. 2d DCA 1994): “Trial attorneys must avoid improper argument if the system is to work properly. If attorneys do not recognize improper argument, they should not be in a courtroom. If trial attorneys recognize improper argument and persist in its use, they should not be members of The Florida Bar.”
If the prosecutor intends to continue to appear in criminal court, we suggest that he view continuing education videotapes on *216 the subject of closing argument to review arguments that' should not be made before a jury. If he persists in disregarding the rules of proper argument, he should expect appropriate sanctions. See Bell v. State, 723 So.2d 896 (Fla. 2d DCA 1998) (Altenbernd, J., concurring).
Affirmed.
ALTENBERND, CASANUEVA, and KELLY, JJ., Concur.