MAKAR, J.,
concurring.
In response to defense counsel’s closing argument that the evidence against his client was thin, the prosecutor in his closing told the jury:
We’re here because this defendant exercised his Constitutional right to a jury trial. It doesn’t mean it’s a close call. It doesn’t mean the evidence is thin. It just means that he’s exercised his Constitutional rights.
This comment was highly improper, denigrating the fundamental right to a jury trial; and it was not a legitimate “invited response” to defense counsel’s closing, there being many obvious ways to counter a claim of “thin” evidence without impugning the exercise of a constitutional freedom. This commentary exceeds that in Bell v. State, 723 So.2d 896, 897 (Fla. 2d DCA 1998), which held harmless a prosecutor’s comment that the “only one reason we’re here” was because the defendant had a right to a jury trial. The statement here — though brief — was more damning, made in the penultimate paragraph of the prosecution’s closing rebuttal argument, leaving defendant without a reply to jurors. Given the lack of an objection, but strong evidence of guilt, the question is whether fundamental error exists. Because defendant admitted to the burglary, but denied he had criminal intent, the evidence of guilt is sufficiently strong, rendering it unlikely the jury would have rendered a different verdict. As Judge Altenbernd noted in his concurrence in Bell, both sides in criminal cases sometimes make improper arguments, but in the end “appellate courts have little practical ability to police misconduct in closing arguments by either prosecutors or defense attorneys.” 723 So.2d at 897. As a consequence, it is up to state attorneys and public defenders — and trial judges— to prevent improper arguments in light of *1233 “the seriousness of these trials and the ramifications of appellate court reversals” that can be avoided. Id.