603 So.2d 554 (1992)
Michael SCHUBERT and his wife, Patti Schubert, Appellants,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 91-2129.
District Court of Appeal of Florida, Fifth District.
July 10, 1992.
Rehearing Denied August 20, 1992.
Linda L. Winchenbach of Daniel L. Hightower, P.A., Ocala, for appellants.
*555 E. Peyton Hodges of Cameron, Marriott, Walsh & Hodges, P.A., Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal in a personal injury action, the trial court having denied appellants' motion for a new trial. Appellants, the plaintiffs below, argue that they are entitled to a new trial because the improper statements of defense counsel in his opening statement and closing argument constituted fundamental error. We agree, and reverse.
The appellants should be given a new trial because appellee's lawyer saw fit to make inflammatory and improper comments to the jury. He said, for example, that the jury was the "conscience of the community"; that plaintiff's doctor "as he usually does, has found a permanency"; gave his own opinion on the qualifications and truthfulness of his witnesses; told the jury that plaintiffs were seeking "not a small fortune, a large one" and "Don't, don't let little Nicholas [appellants' child] think that this is the way you get from one end of life to the other." He also said "I'm here to tell you the truth" and that plaintiff Patti Schubert "should have said thank goodness I wasn't injured more seriously" instead of seeking recompense for what injuries she got. He said the treating health care providers had ulterior, self-interested, motives in testifying and admonished the jury not to be deceived by them.
Defense counsel finally attacked appellants' lawyer by saying he would do "anything to advance the cause." Some may consider these final words as "fighting words." While some of counsel's remarks alone may not have required reversal, the cumulative effect of the improper comments certainly warrants reversal and award of a new trial. See Westbrook v. General Tire and Rubber Co., 754 F.2d 1233 (5th Cir.1985); Riley v. Willis, 585 So.2d 1024 (Fla. 5th DCA 1991); Moore v. Taylor Concrete & Supply Co., Inc., 553 So.2d 787 (Fla. 1st DCA 1989); Maercks v. Birchansky, 549 So.2d 199 (Fla. 3d DCA 1989); Stokes v. Wet `N Wild, Inc., 523 So.2d 181 (Fla. 5th DCA 1988); S.H. Inv. and Development Corp. v. Kincaid, 495 So.2d 768 (Fla. 5th DCA 1986); Erie Ins. Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981).
REVERSED and REMANDED for new trial.
DIAMANTIS, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
I agree with the majority opinion that the comments by counsel for Allstate Insurance Company were improper and should not have been made. However, they were not objected to by the Shuberts' trial counsel, and it does not appear that he made motions to strike any of them, nor (prior to the return of an adverse verdict for his clients) did he make a motion for mistrial or new trial. Had he done so early in the proceedings, the trial judge could have warned counsel for Allstate to stop such improper tactics, thereby forestalling the later improper comments. As it was, the trial judge was given no opportunity to remedy the situation. Further, failure to object can be part of trial counsel's strategy, to make the opponent look bad in the jury's eyes. Sometimes, it works, and sometimes it does not.
This is why improper comments by trial counsel, which are unobjected to at trial, only constitute reversible error if they are so outrageous they impaired the jury's calm and dispassionate consideration of the evidence and resulted in an unfair trial. Moore v. Taylor Concrete & Supply Co., Inc., 553 So.2d 787 (Fla. 1st DCA 1989); Gregory v. Seaboard System R.R., Inc., 484 So.2d 35 (Fla. 2d DCA), rev. denied, 492 So.2d 1334 (Fla. 1986); Wasden v. Seaboard Coast Line Railroad Co., 474 So.2d 825 (Fla. 2d DCA), rev. denied, 484 So.2d 9 (Fla. 1986); Nelson v. Reliance Insurance Co., 368 So.2d 361 (Fla. 4th DCA 1978).
To make such a determination, it is necessary to read the whole trial transcript. Only a part was furnished to us in this case. That alone should mean the appellant loses. See Applegate v. Barnett *556 Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979); In re Burton's Estate, 45 So.2d 873 (Fla. 1950); Allen v. Town of Largo, 39 So.2d 549 (Fla. 1949).
However, based on the partial trial transcript furnished to us, I would still affirm. It appears the key issue for trial in this case was whether or not Patti Schubert suffered a permanent neck injury caused by an automobile accident in October of 1988. The Schuberts' case was not a strong one.
Immediately after the accident Patti made no complaint to her doctor about her neck. Two weeks after the accident, she returned to work for her father's lawn-care business, pulling weeds, lifting trash, and doing other physical labor. She delayed consulting an orthopedist for five months after the accident. No x-ray or MRI taken then or thereafter clearly established any injury to her neck. In 1990, she was in two other car accidents which she testified did not additionally injure her neck. Patti was also caught in a few inconsistencies in her testimony which, when coupled with the unclear facts presented at trial, could well have caused the jury to conclude she failed to carry her burden of proof that her neck was permanently injured in the 1988 car accident.
On balance, I conclude the improper comments of counsel were not so gross as to have impaired the overall fairness of the trial. This is necessarily a judgment call by this appellate panel. I simply disagree with my colleagues that fundamental error occurred in this case, to wit: that without the improper comments, the resulting judgment would have been different. See Marks v. Delcastillo, 386 So.2d 1259, 1267 and n. 15 (Fla. 3d DCA 1980), rev. denied, 397 So.2d 778 (Fla. 1981) and cases cited therein.