616 So.2d 604 (1993)
Catherine VENNING, Individually and as Parent and natural guardian of Shenita S. Henderson, a minor child, Appellant,
v.
Oradell ROE, Appellee.
Nos. 92-01097, 92-01872.
District Court of Appeal of Florida, Second District.
April 7, 1993.
Daniel L. Molloy, Molloy, James & Peterson, P.A., Tampa, for appellant.
Sidney M. Crawford and Barbara B. Mathews, Crawford & Roddenbery, P.A., Lakeland, for appellee.
PER CURIAM.
In this personal injury action involving an automobile accident, the plaintiff, appellant, challenges the trial court's order denying her motion for a new trial. We agree that the improper and highly prejudicial comments made in defense counsel's closing argument warrant a new trial, and therefore, we reverse.
During closing argument, defense counsel made several derogatory remarks about opposing counsel and a certain witness and also attacked the credibility of a witness. Defense counsel indicated that plaintiff's medical expert was "nothing more than an unqualified doctor who prostitutes himself ... for the benefit of lawyers" who is paid to perform a service by giving the "magic testimony" for plaintiff's lawyer which allows him to get the case to court. Defense counsel stated there was a "special relationship" between plaintiff's medical expert and plaintiff's lawyer and told the jury that plaintiff's counsel presented "a work of fiction" which he "created and orchestrated" with the assistance of plaintiff's medical expert. Defense counsel also told the jury that he personally had been involved in seven other cases where this particular attorney and medical expert were working together.
After the jury returned a verdict for the plaintiff, awarding minimal damages, the plaintiff filed a motion for new trial. The motion included assertions that the plaintiff was denied a fair trial because of defense *605 counsel's personal attack on opposing counsel, implying that the case was a "scheme" worked up by the attorneys and medical expert involved. The trial court denied the plaintiff's motion for new trial. This timely appeal followed.
While attorneys are given broad latitude in closing arguments, their comments must be confined to the evidence and to issues and inferences that can be drawn from the evidence. Riggins v. Mariner Boat Works, Inc., 545 So.2d 430 (Fla. 2d DCA 1989). We believe the improper comments made by defense counsel essentially accuse the medical expert of perjury and accuse opposing counsel of unethically committing a fraud upon the court. Such comments have not been condoned by other district courts and will not be condoned by this court. See Schubert v. Allstate Ins. Co., 603 So.2d 554 (Fla. 5th DCA), rev. dismissed, 606 So.2d 1164 (Fla. 1992); Sun Supermarkets, Inc. v. Fields, 568 So.2d 480 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 164 (Fla. 1991); Moore v. Taylor Concrete & Supply Co., Inc., 553 So.2d 787 (Fla. 1st DCA 1989); Maercks v. Birchansky, 549 So.2d 199 (Fla. 3d DCA 1989); Fla.Bar R.Prof. Conduct 4-3.4(e). See also Griffith v. Shamrock Village, 94 So.2d 854 (Fla. 1957) (defense counsel's statements suggested perjury and collusion).
We, accordingly, find that the highly prejudicial and inflammatory remarks require us to reverse and remand for a new trial on all issues. Based on our disposition of this point, we must also reverse the trial court's order awarding attorney's fees and costs to appellee pursuant to Florida Rule of Civil Procedure 1.442.
Reversed and remanded.
CAMPBELL, A.C.J., and SCHOONOVER and PARKER, JJ., concur.