623 So.2d 525 (1993)
Andre KAAS and Barbara Kaas, Appellants,
v.
ATLAS CHEMICAL COMPANY, etc., Appellee.
No. 92-2337.
District Court of Appeal of Florida, Third District.
June 22, 1993.
Rehearing Denied October 5, 1993.
Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Arthur J. England, Jr. and Elliot J. Scherker, for appellants.
Rebecca W. Ribler; Elizabeth Koebel Russo; Sheila W. Moylan, for appellee.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
After a jury verdict for the plaintiffs in a personal injury action, the trial court granted the defendant's motion for a new trial on all issues on the following basis:
During closing argument, counsel made the following statements to the jury: "It's so ridiculous (sic) and I can prove that that guy is a liar on this issue because, ladies and gentlemen of the jury, take a look at this." (Page 622  trial transcript). "Now, here's how I am going to prove to you that he was a liar." (Page 623  trial transcript). "That's a lie. Dr. Mackler showed you an anatomy book." (Page 624  trial transcript referring to testimony of Dr. Suarez). "The only defense witness on Andre Kass' impotency was Dr. Suarez who does hate me and who I did call a liar *526 and who I will take some more time with you to show that he really is a liar because I mean, the guy flip flops in a deposition from July 7th to July 22, 1992." (Page 665  trial transcript). "I feel that two to three nights thing was phony. I think he is a liar." (Page 671  trial transcript.)
Counsel's feelings and beliefs concerning the credibility of a witness are neither relevant nor permitted. Additionally, it is fundamentally incorrect for counsel to attempt to impugn the integrity of a witness by calling him a liar.
In Hernandez v. State [156 Fla. 356], 22 So.2d 781 (Fla. 1945), the Florida Supreme Court held that it was improper for an attorney to suggest to a jury that a witness was committing perjury.
In Moore v. Taylor Concrete & Supply Co., Inc., 553 So.2d 787 (Fla. 1st DCA 1989), the Court stated, "It is axiomatic that a lawyer's expression of his personal opinion as to the credibility of a witness, or of his personal knowledge of facts in the case, is fundamentally improper ... [E]xpressions by a lawyer of his personal opinion are in derogation of the Code of Professional Responsibility and will not be condoned." Importantly, such impropriety does not require a contemporaneous objection. Stokes v. Wet 'N Wild, Inc., 523 So.2d 181 (Fla. 5th DCA 1988); Moore, supra., p. 793; Kendall Skating Centers, Inc. v. Martin, 448 So.2d 1137 (Fla. 3d DCA 1984).
There is no question but that counsel is permitted to demonstrate inconsistencies between witnesses' testimony and within a witness's own testimony. But lines have been drawn as to what constitutes proper comment and what is egregious. The statements in the instant case were egregious. For this reason, defendant's motion for a new trial must be granted.
We entirely agree with this order.
On appeal, the plaintiffs make no real defense of their trial counsel's remarks. It would be impossible fairly to do so.[1] See Rule 4-3.4, Rules of Professional Conduct; Venning v. Roe, 616 So.2d 604, 605 (Fla. 2d DCA 1993) ("We believe the improper comments made by defense counsel essentially accuse the medical expert of perjury and accuse opposing counsel of unethically committing a fraud upon the court. Such comments have not been condoned by other district courts and will not be condoned by this court."); Schubert v. Allstate Ins. Co., 603 So.2d 554 (Fla. 5th DCA 1992), review dismissed, 606 So.2d 1164 (Fla. 1992); Moore v. Taylor Concrete & Supply Co., 553 So.2d 787 (Fla. 1st DCA 1989); Carnival Cruise Lines, Inc. v. Rosania, 546 So.2d 736 (Fla. 3d DCA 1989); Schreier v. Parker, 415 So.2d 794 (Fla. 3d DCA 1982); Hillson v. Deeson, 383 So.2d 732 (Fla. 3d DCA 1980).
Instead, they claim that reversal is required because defense counsel did not object during the trial. This contention is incorrect. As we have repeatedly held, arguments like these fall squarely within that category of fundamental error  requiring no preservation below  in which the basic right to a fair and legitimate trial has been fatally compromised. See Bloch v. Addis, 493 So.2d 539 (Fla. 3d DCA 1986); Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), review denied, 488 So.2d 832 (Fla. 1986); Maercks v. Birchansky, 549 So.2d 199 (Fla. 3d DCA 1989); Schreier, 415 So.2d at 795 (Such arguments "will not be condoned in this court, nor should they be condoned by the trial court, even absent objection." [e.o.]). Even were the issue presented on a defense appeal from a plaintiffs' verdict and judgment, we would likely not "supinely" approve the result of a proceeding which was not, in any meaningful sense, a trial at all but a thoroughly unseemly name-calling contest, reflecting a personal vendetta between a lawyer and an expert witness, in which the jury was essentially asked to choose between the combatants. See Borden, 479 So.2d at 851-52 ("We demean ourselves and the system of justice we serve when we permit this to occur."). We surely cannot hold that the trial court abused *527 its broad discretion in granting the required new trial itself. See Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).
Affirmed.
NOTES
[1] In addition to the statements quoted by the trial court, the record includes one  as to which there was no evidence  that Dr. Suarez "hates my guts." See Bloch v. Addis, 493 So.2d 539 (Fla. 3d DCA 1986); Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), review denied, 488 So.2d 832 (Fla. 1986).