635 So.2d 983 (1994)
Amon RICHARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0351.
District Court of Appeal of Florida, Fourth District.
April 13, 1994.
*984 Richard L. Jorandby, Public Defender, and David McPherrin, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sharon A. Wood, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant raises several points on appeal, one of which merits discussion, but none of which require reversal. Accordingly, we affirm.
Defense counsel, in closing arguments, mentioned that the state failed to have fingerprint experts testify at the trial. According to defense counsel, if appellant's fingerprints were found, then these witnesses would have been called by the state. Defense counsel mentioned that identity was the issue in this case, and that an identified fingerprint would have proven who was present at the murder. In response, the prosecutor said: "[In closing, defense counsel stated that] Mr. Kern didn't call this. Mr. Kern didn't call the this [sic]. Let me tell you this. If there was any evidence that proved that somebody else committed that crime  Counsel had an opportunity to bring forth any evidence that raised a reasonable doubt."
The prosecutor in the instant case did not respond that the defense could have called the same fingerprint experts to testify that his prints were not identified. Rather, the prosecutor made a general remark about the defense's failure to present "any evidence that proved that someone else committed the crime." (Emphasis added). This was not invited error as the doctrine is applied in current case law. The prosecutor did more than reply to defense counsel's assertions. The comment seemed to imply that the defense had the burden to bring forth evidence to prove innocence. Thus, this comment by the prosecutor was improper. See Jackson v. State, 575 So.2d 181, 188 (Fla. 1991).
A prosecutor's statements that correct what he previously said in closing arguments can help vitiate any error. See James v. State, 429 So.2d 1362 (Fla. 1st DCA 1983). Even though the prosecutor in the instant case immediately reminded the jury that the "burden always remains with the State," he reiterated his point that defendant could have brought any evidence forward to prove someone committed the crime. The prosecutor's comments did not correct the previous error since he repeated the words that led to the objection.
However, the erroneous comments by the prosecutor are harmless in the instant case. One of the persons present in the store during the robbery and murder, Ms. Johnson, positively identified appellant as one of the perpetrators. A second witness saw appellant run from the direction of the store and jump into a car shortly after the robbery and murder. One of the other persons involved in the incident testified as to appellant's involvement in the robbery. Finally, appellant confessed to the crime in a sworn statement given to police. Given the overwhelming evidence of guilt, the prosecutor's comments did not amount to reversible error. The trial court properly denied appellant's motion for a mistrial.
GLICKSTEIN, GUNTHER and STEVENSON, JJ., concur.