671 So.2d 872 (1996)
Erwin FORMAN and Pilar B. Forman, his wife, Appellants,
v.
Charles WALLSHEIN, Appellee.
No. 94-2295.
District Court of Appeal of Florida, Third District.
April 17, 1996.
*873 Wolpe & Leibowitz and Bradley H. Trushin, Miami, for appellants.
Parenti, Falk, Waas & Frazier and Betsy E. Gallagher, Tampa, and Gail Leverett Parenti, Coral Gables, for appellee.
Before JORGENSON, COPE and GERSTEN, JJ.
COPE, Judge.
Erwin Forman and Pilar B. Forman appeal a final judgment after a jury verdict in an automobile accident case. We affirm.
The principal issue presented by this appeal is whether counsel in closing argument in a civil case can call the opposing party a "liar," where there is a basis in the evidence to do so. Under controlling Florida authority, the question must be answered in the affirmative.
The Florida Supreme Court has stated:
It is not proper to attack the credibility of a party to a suit, who testifies in his own behalf, unless such comment is based on facts appearing in the evidence, or unless it can be deduced from the witness' appearance and conduct while giving his testimony.
Watkins v. Sims, 81 Fla. 730, 88 So. 764, 767 (1921); The Florida Bar, Florida Civil Trial Practice, § 16.8, at 16-9 (4th ed. 1994).
*874 More recently, writing in the context of a criminal case, the Florida Supreme Court has stated:
Appellant argues that the prosecutor improperly made repeated references to defendant's testimony as being untruthful and to the defendant himself as a "liar." It may be true that the prosecutor used language that was somewhat intemperate but we do not believe he exceeded the bounds of proper argument in view of the evidence. When counsel refers to a witness or a defendant as being a "liar," and it is understood from the context that the charge is made with reference to testimony given by the person thus characterized, the prosecutor is merely submitting to the jury a conclusion that he is arguing can be drawn from the evidence. It was for the jury to decide what evidence and testimony was worthy of belief and the prosecutor was merely submitting his view of the evidence to them for consideration. There was no impropriety.
Craig v. State, 510 So.2d 857, 865 (Fla.1987).
Plaintiff argues that this court has taken a contrary position in Kaas v. Atlas Chemical Co., 623 So.2d 525 (Fla. 3d DCA 1993). They read the case as flatly prohibiting the use of the word "liar" under any circumstances. See id. at 525-26. We disagree, for the decision in Kaas must be read in the context of the Florida Supreme Court authority just quoted.
At issue in Kaas was a closing argument in which counsel called an expert witness a liar when, on the evidence there presented, there was no reasonable basis to do so. The witness in that case was solely offered as an expert and did not have personal knowledge of the facts of the case. In addition to lacking a legitimate basis to attack the truthfulness of the expert witness, counsel also told the jury that the expert "hates my guts," id. at 526 n. 1, and suggested to the jury that there was some preexisting personal vendetta between counsel and the expert. Id. at 526. This court affirmed the trial court's order of a new trial. Kaas should be viewed as falling within the general rule that, absent a factual basis in the evidence, it is not proper to characterize a witness as a "liar." See Craig v. State, 510 So.2d at 865; Watkins v. Sims, 88 So. at 767.
In the present case plaintiff claimed a permanent back injury as a result of a low-speed automobile accident. He testified that he could no longer perform certain work duties as a result of the accident. When called as a witness, plaintiff's employer testified that he had never heard such a thing from the plaintiff, had no knowledge of any claim of accident or injury until subpoenaed as a witness in the case, and that some of the duties plaintiff claimed he could no longer perform were, in fact, duties performed by other employees. There was medical testimony that the plaintiff's response to a particular physical test was inconsistent with the nature of the injury which he claimed. Witnesses testified that the plaintiff had carried his daughter on his shoulders while attending a football game, an act inconsistent with the plaintiff's claimed injury; plaintiff denied that this incident ever occurred. An insurance application plaintiff filled out two years after the automobile accident did not disclose the existence of continuing injury and treatment from that accident. There was an ample evidentiary basis on which to dispute the credibility of the plaintiff.
Plaintiff also contends that the trial court erred by overruling his objection that defense counsel had expressed a personal opinion regarding the credibility of the witness. At several points in the argument defense counsel used the phrase "I think" or "I believe." The trial court overruled the objection, stating that the phraseology used by defense counsel was a matter of style. We find no abuse of discretion in this ruling.
As stated in one treatise:
It is improper for counsel to inject his personal opinions, beliefs, and attitudes into the case at any time. Therefore, such comments as I think and I believe, unless clearly and directly linked to the evidence, are improper. Since these phrases often draw objections when used, they are best excised from your trial vocabulary.
Thomas A. Mauet, Fundamentals of Trial Techniques 366 (3d ed. 1992) (emphasis in original). As stated by another authority:

*875 It is improper and unethical for an attorney to "assert personal knowledge of facts in issue ... or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused."
The purpose of this rule is twofold. First, it prevents lawyers from putting their own credibility at issue in a case. The jury is required to decide a case on the basis of the law and evidence, not on their affinity for or faith in a particular lawyer. While every advocate strives to be trusted and believed, it subverts the jury system to make an overt, personal pitch.
Moreover, a statement of personal belief inevitably suggests that the lawyer has access to off-the-record information, and therefore invites the jury to decide the case on the basis of non-record evidence. Consider the following:
I have investigated this case thoroughly. I have spent hours with my client, and I have visited the scene of the accident. I could tell, just from talking with her, how seriously she has been injured. Believe me, I would not take up your time if my client were not telling the truth. I have handled many other cases of this type, and I can honestly say that this is one of the strongest plaintiff's cases that I have ever seen.
Here, the lawyer has not merely asked for the jury's confidence. Counsel has impliedly asked the jury to enter a verdict on the basis of out-of-court interviews and previously tried cases.
The rule against statements of personal belief is an important one. It should not be demeaned by a too-literal interpretation. It is difficult to purge your speech entirely of terms such as "I think" or "I believe." While good lawyers will strive to avoid these terms, it is not unethical to fall occasionally into first person references. Similarly, it is unnecessary to preface every assertion with statements such as "the evidence has shown," "we have proven," or the like.
Steven Lubet, Modern Trial Advocacy Analysis and Practice, 432-33 (1993) (citation omitted; emphasis added).
In the present case, the trial court correctly concluded that when considered in context, the phraseology used by defense counsel was a figure of speech and could not reasonably be understood as a prohibited expression of personal opinion.[*]
Affirmed.
NOTES
[*] In so ruling we do not mean to preclude a trial court from taking a stricter view, sustaining the objection, and directing counsel to rephrase the argument.