673 So.2d 147 (1996)
Linda D'AURIA, as Guardian for and on Behalf of Jon Peter MENDOZA, her nephew, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 95-568.
District Court of Appeal of Florida, Fifth District.
May 10, 1996.
Colette Heck, Daytona Beach, for Appellant.
Dwight Chamberlin and Scott Tepper and Chobee Ebbets, P.A., of Ebbets, Armstrong & Chamberlin, Daytona Beach, for Appellee.
PER CURIAM.
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.
ANTOON, J., concurs specially, with opinion.
ANTOON, Judge, concurring.
I agree that the final judgment in the instant case must be affirmed. However, I write separately to remind trial judges of their long-standing responsibility to protect jurors from improper closing arguments, even in the absence of a proper objection. See Akin v. State, 86 Fla. 564, 98 So. 609 (Fla.1923).
Trial judges have the important responsibility of ensuring that trials maintain their function as forums for the search of truth. By properly fulfilling this obligation, trial judges have the unique ability to exercise a certain amount of control over whether the public perceives and understands trials as having such a function. As pointed out by Judge Schwartz in Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 832 (Fla.1986):
[I]t is no longerif it ever wasacceptable for the judiciary to act simply as a fight promoter, who supplies an arena in which parties may fight it out on unseemly terms of their choosing ...
Borden, 479 So.2d at 851. I agree with Judge Schwartz that we as judges owe Florida's system of justice a duty to do more.
The closing remarks to the jury in this case constitute a primer on the subject of improper argument. Disregarding rule 4-3.4 of the Rules Regulating the Florida Bar and much recent case law, defense counsel engaged in character assassinations upon the sixteen-year old plaintiff, plaintiff's counsel, and plaintiff's witnesses. He repeatedly injected his personal opinions as to the credibility of the witnesses, belittled the plaintiff, appealed to the conscience of the jurors to send a message to the community, and apologized to the jury for the plaintiff's case. Unfortunately, these are but a few of the improper and offensive comments made by this attorney. His closing argument was replete with such remarks.
The sole issue on appeal was whether a new trial was required because of the inflammatory and prejudicial remarks made by defense counsel during his closing argument. Had there been a proper objection and a denial of a motion for mistrial, reversal would likely have been required. However, no such objection or motion was raised. Recent case law from the various district courts has provided little guidance on the question of when unpreserved error justifies reversal. However, Judge Altenbernd recently clarified the issue in Hagan v. Sun Bank of Mid-Florida, 666 So.2d 580, 586-87 (Fla. 2d DCA 1996). *148 Under his analysis, the issue for determination is:
whether the error was so extreme that it could not be corrected by an instruction if an objection had been lodged, and that it so damaged the fairness of the trial that the public's interest in our system of justice justifies a new trial.... If the record does not disclose that the improper argument resulted in a miscarriage of justice, there is no harmful error justifying a new trial, especially in the absence of an objection by an interested party.
Applying this test, as I think we should, I agree with the other panel members that affirmance is proper notwithstanding the egregious conduct of defense counsel.