713 So.2d 1071 (1998)
Frances Thompson KNOIZEN, Appellant,
v.
Jenina M. BRUEGGER, Appellee.
No. 97-2080.
District Court of Appeal of Florida, Fifth District.
July 10, 1998.
Gary L. Sanders of Pattillo, McKeever & Bice, P.A., Ocala, for Appellant.
Roger B. Butcher and Gus R. Benitez of Benitez & Butcher, P.A., Orlando, for Appellee.
THOMPSON, Judge.
Frances Thompson Knoizen appeals a final order denying her motion for new trial following a verdict for Jenina M. Bruegger in a personal injury case. Knoizen raises several issues on appeal, only one of which is discussed as the others have no merit. We affirm.
Bruegger was severely injured when her motorcycle collided head-on with the Knoizen's car. The medical evidence presented during the trial established that Bruegger was severely injured. After the accident, Bruegger's bladder was lying in the sand. She suffered an open book pelvis injury and five major pelvic fractures. As a result of the accident, she also sustained a very extensive vaginal laceration. Bones protruded into her skin and into the vaginal wound. Other injuries included a broken femur and an open wrist fracture. She lost physical support for her bladder, and her bladder and uterus are prolapsed.
Knoizen contends on appeal that the trial court erred during Bruegger's closing argument by allowing her attorney to make reference to damages sustained by her children and family. During closing argument, Bruegger's attorney stated:

*1072 And now she's sitting here damaged for life with the most devastating injury a woman can suffer. Devastating to her, devastating to her family, to her kids, devastating to everybody that knows her and cares for her. Devastating.
* * *
Please don't leave her alone to deal with that. Don't leave her bare and naked, like this accident has already left her, and her children and her family. Don't leave her like that.
Knoizen timely objected and was overruled. Knoizen argues that the closing argument was an improper attempt to invoke jury sympathy to inflate the recovery of damages, and that it went well beyond the scope of the evidence and issues presented. Moreover, she urges, the argument was an attempt to inflame the passions of the jury. See School Bd. of Palm Beach County v. Taylor, 365 So.2d 1044, 1047 (Fla. 4th DCA 1978) (holding the plaintiff's argument was, in effect, argument for punitive damages). Accord Russell, Inc. v. Trento, 445 So.2d 390 (Fla. 3d DCA 1984). We disagree. To warrant reversal on the ground that a closing argument was an improper appeal to the jury's emotions, the argument must be "highly and patently prejudicial." Erie Ins. Co. v. Bushy, 394 So.2d 228, 229 (Fla. 5th DCA 1981). Here, the closing argument is supported by the facts. Bruegger is 34 years old and the mother of six minor children. Before the accident, she was involved in weight lifting, karate, and aerobics, and actively played with her children. Two of her children testified that since the accident she experiences pain and tires quickly when she tries to play with them. Further, she is unable to do household chores.
When reviewed in light of the serious and debilitating injuries, and the testimony from family members about the substantial changes in her life, we find the closing argument only marginally objectionable. Attorneys are given broad latitude during closing, but they must confine their argument to the facts and evidence presented to the jury and all logical deductions from the facts and evidence. Venning v. Roe, 616 So.2d 604 (Fla. 2d DCA 1993) In this case, the testimony supports the argument that the accident had a devastating effect upon Bruegger and her family.
Further, Knoizen has not established that any improper closing argument was so "pervasive, inflammatory, and prejudicial to preclude the jury's rational consideration of the case." Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580 (Fla. 2d DCA 1996). Cf. Superior Industries Int'l, Inc. v. Faulk, 695 So.2d 376 (Fla. 5th DCA), rev. denied, sub nom., Hopper v. Superior Industries Int'l, Inc., 700 So.2d 685 (Fla.1997); D'Auria v. Allstate Ins. Co., 673 So.2d 147 (Fla. 5th DCA 1996); State v. Fritz, 652 So.2d 1243 (Fla. 5th DCA 1995); Walt Disney World Co. v. Blalock, 640 So.2d 1156 (Fla. 5th DCA), rev. dismissed, 649 So.2d 232 (Fla.1994); Silva v. Nightingale, 619 So.2d 4 (Fla. 5th DCA 1993); Schubert v. Allstate Ins. Co., 603 So.2d 554 (Fla. 5th DCA), rev. dismissed, 606 So.2d 1164 (Fla.1992).
AFFIRMED.
GRIFFIN, C.J., and ANTOON, J., concur.