749 So.2d 507 (1999)
George KENNERDY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02102.
District Court of Appeal of Florida, Second District.
April 14, 1999.
James Marion Moorman, Public Defender, Joanna B. Conner, Assistant Public Defender, Bartow, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Stephen D. Ake, Assistant Attorney General, Tampa, for appellee.
PER CURIAM.
George Kennerdy appeals his conviction for aggravated battery. Because we conclude that the prosecutor's inappropriate remarks during closing arguments served to deprive Kennerdy of his right to a fair trial, we reverse.
As the prosecutor acknowledged in her closing argument, the case turned on the credibility of the State's witnesses versus that of the two defense witnesses. In attacking the credibility of the two defense witnesses, the prosecutor stated that they had been "spoon-fed" their testimony. In the State's rebuttal closing, the prosecutor asserted that Kennerdy had convinced his two witnesses to commit perjury: "[Kennerdy] has a profound disrespect for this legal system. And you know how we know that? One, somehow he's convinced two young men to come in here, and I would submit to you, commit perjury." The trial court overruled the defense objection to this comment. The prosecutor continued with more egregious comments. She stated "the defendant thinks he's got six suckers sitting here," and she accused Kennerdy of attempting to perpetrate a fraud on the jury and on the criminal justice system. No further objection was made.
We have reversed for a new trial in a civil case, Venning v. Roe, 616 So.2d 604 (Fla. 2d DCA 1993), where the defense counsel accused plaintiff's medical expert of committing perjury and argued that the case was a scheme worked up by the medical expert and the attorneys. The comments by the prosecutor here were equally inflammatory and improper.
*508 The State asserts that the issue of improper argument has not been preserved except as to the single remark that Kennerdy objected to, and that remark was harmless error. We disagree that the preserved error was harmless. The case turned on a credibility contest and the prosecutor's unfair attack on the defense witnesses' credibility went to the heart of the defense case. Accordingly, we reverse and remand for a new trial. And, once again, we reiterate the admonition of Judge Blue in his specially concurring opinion in Luce v. State, 642 So.2d 4 (Fla. 2d DCA 1994): "Trial attorneys must avoid improper argument if the system is to work properly. If attorneys do not recognize improper argument, they should not be in a courtroom. If trial attorneys recognize improper argument and persist in its use, they should not be members of The Florida Bar."
Reversed and remanded.
FULMER, A.C.J., and NORTHCUTT and CASANUEVA, JJ., Concur.