963 So.2d 822 (2007)
Renelle LUBIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2034.
District Court of Appeal of Florida, Fourth District.
August 1, 2007.
Rehearing Denied October 4, 2007.
*823 Bernard F. Daley, Jr., Tallahassee, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel F. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Renelle Lubin ("Lubin") appeals convictions of first degree murder with a firearm and shooting into an occupied vehicle. We affirm on all points raised on appeal.
This case arose from a drug deal gone bad. John Diaczok ("Diaczok") picked up his friend, Cheryl Kajak ("Kajak"), and the two drove to West Palm Beach to purchase drugs. When they arrived, Kajak exited the van and an argument ensued between her and the man from whom she went to procure drugs (later identified as Lubin). The argument became physical and Lubin had to fend Kajak off. Diaczok then grabbed Kajak and brought her back to the van, but by the time he sat back into the driver's seat, Lubin had begun pulling Kajak back out. Diaczok proceeded to hit Lubin, who then backed away. But before Diaczok could start the van and leave, he heard several gun shots. He did not see who shot the gun, but presumed it was either Lubin or a woman Lubin was with (later identified as Tiffany Murray ("Murray")). Diaczok then drove away and, noticing that Kajak had been shot, immediately drove to a nearby hospital. Kajak died of her injuries.
The State subsequently arrested Lubin and charged him with first degree murder and shooting into an occupied vehicle. At trial, it produced evidence, among other things, that Lubin's fingerprints were found on the outside of the passenger-side door of Diaczok's van. After hearing this and other evidence, the jury found Lubin guilty of the crimes charged. The trial court sentenced him to concurrent terms of life and fifteen years in Florida State Prison.
On appeal, Lubin contends that the prosecutor shifted the burden of proof during closing argument. The control of prosecutorial arguments to the jury is within the trial court's discretion. See Conde v. State, 860 So.2d 930, 950 (Fla. 2003). Although Lubin's contention presents us with a close question, we find that the trial court did not abuse its discretion in allowing the prosecutor to make the following comments:
There is no way in the world his print got on that quality  and then try to tell you, "Well, maybe it got on some other time.". . . . Did you have one bit of evidence, did one person or one piece of evidence come in and tell you that he left his palm print on that van another day?. . . . Did you hear one bit of evidence? *824 Not one. What you heard from Diaczok. . . .
A prosecutor's argument should be examined in the context in which it is made. Stancle v. State, 854 So.2d 228, 229 (Fla. 4th DCA 2003) (citations omitted). Likewise, a prosecutor may comment upon the uncontradicted or uncontroverted nature of the evidence during argument to the jury. State v. Sheperd, 479 So.2d 106, 107 (Fla.1985) (citing White v. State, 377 So.2d 1149 (Fla.1979)). Here, the prosecutor's remarks were not "invited," as Lubin's counsel did not address fingerprint evidence in his closing argument. See Richards v. State, 635 So.2d 983, 984 (Fla. 4th DCA 1994) (stating that a prosecutor may not give a response that goes beyond the scope of an invitation). Yet they were a fair comment on uncontroverted evidence that Lubin's fingerprints were impressed on Diaczok's van during the incident at issue. No one testified that Kajak had met Lubin before or that Lubin's fingerprints could otherwise have been impressed on Diaczok's van prior to the day of the incident. The State, however, presented evidence that Kajak and Lubin had an altercation, Lubin tried to pull her out from the passenger side of the van, was unsuccessful and then shot at the passenger-side door.
Even were we to find error, the prosecutor's comments were not so prejudicial as to have inappropriately affected the jury's decision. See Rodriguez v. State, 753 So.2d 29 (Fla.2000), cert. denied, 531 U.S. 859, 121 S.Ct. 145, 148 L.Ed.2d 96 (2000); see also Goodwin v. State, 751 So.2d 537 (Fla.1999); State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Therefore, based on the foregoing, we affirm; nevertheless, we strongly caution prosecutors against making comments that may be interpreted as improperly shifting the burden to the defense. As to all other issues, we affirm.
Affirmed.
STEVENSON and TAYLOR, JJ., concur.