975 So.2d 1233 (2008)
Michael SPOOR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2675.
District Court of Appeal of Florida, Fourth District.
March 12, 2008.
*1234 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
We reverse the conviction in this case because the prosecutor improperly argued facts not in evidence during his closing.
Michael Spoor was convicted of lewd or lascivious exhibition on a person less than sixteen. The conviction arose from an incident where Spoor exposed himself to a girl while sitting in his Jeep. Five days later the girl and her friend, who had been playing with her at the time of the exposure, identified Spoor from a photo lineup. On cross examination, both girls said they had not seen a tattoo on the driver's arms. Spoor displayed the tattoos on his right arm to the jury.
In closing argument, defense counsel urged that the girls had mistakenly identified Spoor, because they did not notice his "extensive, disfiguring tattoos."
The prosecutor first responded to this argument by explaining why the girls would not have noticed the tattoos. This was fair rebuttal. Then the prosecutor continued and said that the defendant had "proudly showed his arm" because "[i]n the mean time over the last year, he's gone out and gotten that arm tattooed. You know why he did that? So he could stand up here in court and go like this and say, "Look, I've got tattoos"." The defense objected because there was no evidence to support the prosecutor's statement. The trial court did not sustain the objection; the judge told the jury to rely on their own recollection of the testimony. The prosecutor then amplified this theme and argued: "He went out and got a tattoo in the meantime, because he knew what was going on. He knew that the testimony in the depositions was the fact that short sleeves [sic] and how could they not see a tattoo. So, did that tattoo look old and smudged like old tattoos do? No, it looked fresh and sharp and clear."
In his extensive amended motion for new trial, defense counsel contended that *1235 the state's argument was improper because it was too late for Spoor to put on evidence that the defendant "had the[] grotesque and visible tattoos prior to the incident." The motion refers to "the booking records" and other evidence that "showed that Defendant had these extensive tattoos when arrested shortly after the incident."
A prosecutor must confine his closing argument to record evidence and "must not make comments which could not be reasonably inferred from the evidence." Hazelwood v. State, 658 So.2d 1241, 1243-44 (Fla. 4th DCA 1995). Applying this principle in Henry v. State, 651 So.2d 1267, 1268 (Fla. 4th DCA 1995), we reversed a conviction where a prosecutor attempted to explain the change in a witness's trial testimony by arguing that "somebody got to her;" we "strongly disapprove[d]" of this comment that "impugn[ed] the defense without any basis." See also Jones v. State, 449 So.2d 313, 314 (Fla. 5th DCA 1984).
Here there was no evidence as to when Spoor obtained his tattoos. Nor was there any evidence linking the sharpness and clarity of a tattoo to its age. The prosecutor's argument was improper. In this contested identification case, the error was not harmless.
Reversed and remanded for a new trial.
STONE and WARNER, JJ., concur.