984 So.2d 671 (2008)
Michael HOSANG, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2239.
District Court of Appeal of Florida, Fourth District.
June 25, 2008.
*672 Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Michael Hosang timely appeals convictions of attempted robbery with a firearm and burglary while armed with a firearm. He argues that the trial court erred in (1) denying his motions for mistrial and new trial based on the state's improper remarks during closing argument, and (2) denying his motion for new trial where the verdict form was flawed and the jury instructions were confusing. We reverse on both grounds.
This case grew out of a home invasion robbery. During closing argument, defense counsel objected to the state's argument:
THE STATE: The defense tried to make a big deal about this defendant having tattoos on his hand and none of the witnesses noticing. Two important things about that that you need to understand. First of all, if someone is holding a gun to someone's head, are you going to be focused on the tattoos or on the barrel of the gun. And Alex and Gail Rybak told you they were focused on the barrel of the gun. Secondly, if you notice what was mysteriously left out of the testimony of this defendant, when did he get those tattoos? This is 18 months later. That was never brought out. You wonder why was that not brought out? And I'll tell you why. Because he got those after. He got them after, ladies and gentleman.
DEFENSE COUNSEL: Objection, facts not in evidence.
THE COURT: The jury will recall what the evidence was in the case.
Defense counsel moved for mistrial, arguing that the state's comments about Hosang's tattoos could lead the jury to infer that the state had knowledge of when Hosang received the tattoos. The trial court denied the motion, suggesting that "whatever happened is one of those things that happens during closing arguments, and I'm sure the jury heard the evidence and there was no evidence presented that he got those tattoos afterward. . . ."
Wide latitude is permitted in arguing to a jury. Moore v. State, 701 So.2d 545, 551 (Fla.1997) (citing Breedlove v. State, 413 So.2d 1, 8 (Fla.1982)). But attorneys must "confine their argument to the facts and evidence presented to the jury and all logical deductions from the facts and evidence." Knoizen v. Bruegger, 713 So.2d 1071, 1072 (Fla. 5th DCA 1998) (citing Venning v. Roe, 616 So.2d 604 (Fla. 2d DCA 1993)).
We hold that the state's remarks in closing argument were improper. See Spoor v. State, 975 So.2d 1233 (Fla. 4th DCA 2008); Ford v. State, 702 So.2d 279 (Fla. 4th DCA 1997). As this was a contested identification case, the error was not harmless.
In addition, Hosang argues that the jury instructions and verdict form were not *673 clear as to when Hosang was required to have possessed a firearm. He claims this allowed the jury to find that Hosang possessed a firearm at some time other than during the commission of the attempted robbery or burglary, especially when there was evidence that Hosang possessed a firearm the day after the offenses.
As we are reversing on the first ground, we additionally reverse on this ground and note that the trial court should explicitly set out everything on the verdict form, including the reference to Hosang possessing the firearm during the commission or attempt to commit the robbery or burglary.
Reversed and remanded for a new trial.
WARNER and TAYLOR, JJ., concur.