MAY, C.J.
The defendant appeals his judgment and two concurrent life sentences for first degree murder and attempted robbery, both with a firearm. He argues the trial court erred in denying his motions for mistrial, and in allowing the victim’s two sons to testify to the identity of their father. We find no error and affirm.
Two brothers were home watching television when they heard gunshots. They immediately went outside and found their father lying on the ground. Their father died as a result of a gunshot wound. The State charged the defendant with first degree murder and attempted robbery, both with a firearm. The defendant was later convicted of these crimes.
On appeal, the defendant argues the trial court abused its discretion in denying his motions for mistrial when the State, in rebuttal argument, commented on: (1) testimony regarding the character of the victim’s neighborhood; and (2) why a witness would accept a plea agreement. The State responds that the defense failed to preserve the issue as to both comments, and that the challenged comments were made in response to the defense’s closing argument.
Because the defense made a general objection to the argument concerning the neighborhood, it failed to preserve the issue for appellate review. See Jones v. State, 760 So.2d 1057, 1058 (Fla. 4th DCA 2000) (finding a generic “improper argument” objection during closing lacks the requisite specificity to preserve the matter for appeal). The defendant’s challenge to the plea agreement comment is also unpre-served because he raises a different ground for reversal on appeal than what he argued during trial. See Chamberlain v. State, 881 So.2d 1087, 1100 (Fla.2004). Even assuming proper preservation, we find no merit in the argument.
“Attorneys have wide latitude in arguing to a jury.” Jackson v. State, 89 So.3d 1011, 1018 (Fla. 4th DCA 2012). However, they “must ‘confine their argument to the facts and evidence presented to the jury and all logical deductions from the facts and evidence.’ ” Hosang v. State, 984 So.2d 671, 672 (Fla. 4th DCA 2008) (quoting Knoizen v. Bruegger, 713 So.2d 1071, 1072 (Fla. 5th DCA 1998)). “When evaluating a prosecutor’s comment, the comment ‘should be examined in the context in which it was made.’ ” Jackson, 89 So.3d at 1018 (quoting Lubin v. State, 963 So.2d 822, 824 (Fla. 4th DCA 2007)).
As our supreme court has explained,
In order to require a new trial based on improper prosecutorial comments, the prosecutor’s comments must “either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than that it would have otherwise.”
Walls v. State, 926 So.2d 1156, 1167 (Fla.2006) (quoting Spencer v. State, 645 So.2d 377, 383 (Fla.1994)).
Here, the prosecutor’s arguments were not so inflammatory so as to deprive the defendant of a fair trial. Further, the prosecutor’s rebuttal argument was a direct response to the defense’s closing argument and a logical inference from the *1031 evidence. Because the State’s arguments were invited by the defense and were reasonable inferences from the evidence, the trial court did not abuse its discretion in denying the defendant’s motions for mistrial.
The defendant also argues the trial court committed fundamental error by allowing both of the victim’s sons to identify their father. We disagree. First, the defense did not object when the State had the first son identify the victim. Then, when the defense objected to the second son’s identification, it only argued that the testimony was unnecessary and that it would be unfairly prejudicial if the son began to cry on the stand.
“It is a well and long established rule in Florida that a member of the deceased victim’s family may not testify for the purpose of identifying the victim where non-related witnesses are available to make such identification.” Scott v. State, 256 So.2d 19, 19-20 (Fla. 4th DCA 1971). Here, it is not clear whether there were other witnesses available to identify the victim.
Even if the trial court committed error in allowing the sons to testify, we would find it harmless. See Thompson v. State, 565 So.2d 1311, 1314 (Fla.1990). There, our supreme court held that the trial court did not commit reversible error by allowing a father to identify a picture of his daughter, the victim, while on the witness stand. Id. Even though the State made no effort to find other witnesses for identification purposes, any error was harmless because the father “displayed no emotional outburst or other unduly prejudicial behavior to improperly influence the jury.” Id.
The same is true in this case. According to the record, neither son became emotional while on the stand. And their testimony was relevant to other aspects of the crime, as they witnessed the aftermath of the shooting.

Affirmed.

TAYLOR and GERBER, JJ., concur.