BERGER, J.,
concurring.
This case reads like a primer on what not to do during closing arguments. The errors committed by the prosecutor[11] are so numerous and so egregious, and the comments directed at opposing counsel are so unprofessional, I am amazed it was allowed to occur unchecked, which is why I write separately to address this issue.
In his concurring opinion ih D’Auria for and on Behalf of Mendoza v. Allstate Ins. Co., 673 So.2d 147, 147 (Fla. 5th DCA 1996) (Antoon, J., concurring), Judge An-toon explained:
Trial judges have the important responsibility of ensuring that trials maintain their function as forums for the search of truth. By properly fulfilling this obligation, trial judges have the unique ability to exercise a certain amount of control over whether the public perceives and understands trials as having such a function.
Although the trial judge in the instant case properly sustained objections by defense counsel, not once was the jury instructed to disregard the improper comments, nor was the prosecutor called to task for his conduct.
In my view, sitting silent absent an objection by opposing counsel, tacitly, albeit unintentionally, condones such conduct. As Judge Schwartz noted in Borden, Inc. v. Young, 479 So.2d 850, 851 (Fla. 3d DCA 1985), “it is no longer — if it ever was— acceptable for the judiciary to act simply as a fight promoter, who supplies an arena in which parties may fight it out on unseemly terms of their own choosing....” Judges have a responsibility to protect jurors from improper closing arguments. See DAuria, 673 So.2d at 147; Borden, 479 So.2d at 851. Failing to do so demeans the system of justice we serve to protect.

. The assistant state attorney prosecuting this case is not a novice. According to The Florida Bar website, he has been practicing law in Florida since 2006.