Damoorgian, J.
Appellant, Robert Pacetti, appeals his judgment and sentence for one count of felony battery (great bodily harm, permanent disability, or permanent disfigurement) and one count of felony battery (prior conviction). Appellant argues that reversal is warranted because the prosecutor made an improper comment during closing and his judgment erroneously reflects that he was convicted of felony battery (prior conviction). We affirm on the closing comment issue but reverse and remand for the correction of Appellant’s judgment.
Appellant was arrested and charged with one count of felony battery (great bodily harm, permanent disability, or permanent disfigurement) and one count of felony battery (prior conviction) after he allegedly battered one of his employees. Prior to trial, Appellant argued that the State could not proceed on both charges because of double jeopardy concerns. The State conceded Appellant’s position and announced that it was nolle prossing the felony battery based on a prior conviction count and proceeding to trial on the felony battery causing great bodily harm count only.
At trial, the victim testified that on the day in question he met up with Appellant, Appellant’s then girlfriend, and one of Appellant’s employees at Appellant’s girlfriend’s house. The four then drove to a bar in Appellant’s vehicle. At the bar, Appellant approached the victim and asked, in a nonthreatening manner, to speak with him outside. The victim followed Appellant outside where Appellant proceeded to punch the victim in the face. The victim fell to the ground and Appellant kicked him several times. Eventually, a bartender came outside and broke up the fight. Appellant, the girlfriend, and the employee then left without the victim. Later in the day, the victim returned to Appellant’s girlfriend’s house to retrieve his transportation. There, the victim claimed that Appellant attacked him again. After the altercation, the victim went to the hospital where he was treated for a fractured pelvis and a broken wrist.
The victim contacted law enforcement about the incident about a month later. The investigator testified that after interviewing the victim, he tried to interview Appellant’s girlfriend and employee, but that neither were cooperative. He also interviewed Appellant who, after initially denying that there was an altercation, admitted to “slapping” the victim after they got into a fight about money.
Appellant’s position was that the victim instigated a physical altercation because he was mad Appellant would not front him money. To support his defense that the victim was the aggressor, Appellant testified on his own behalf. He explained that as he was walking out of the bar, the victim swung at him. Appellant fell while avoiding the blow, but the victim continued to come at him. Appellant then kicked the victim in self-defense. Shortly thereafter, the bartender came out and broke up the fight. At that point, Appellant, his girlfriend, and his employee got into Appellant’s truck and drove away. That was the last Appellant saw the victim.
During closing arguments, the prosecutor sought to discredit Appellant’s version of the events, with the following comments:
The only people that witnessed the second attack is the defendant’s employee, and his girlfriend at the time, now his wife .... Neither one of them would cooperate with the police. That makes absolutely zero sense. Why would these two witnesses not want to cooperate with police? It just doesn’t ’make any sense if what the defendant says is true.
*683 Appellant objected on the grounds that the prosecutor made an improper burden shifting argument, and the court overruled his objection. The prosecutor continued:
[Why did] these two main witnesses, who witnessed the incident, not to want to talk to the police? I want you to think about that when you are back there deliberating. Why would they not want to cooperate with police? I ask you to use your common sense about that.
The jury found Appellant guilty of felony battery (great bodily harm) as charged in the information and the court adjudicated Appellant guilty and sentenced him to three years in prison. Although the State elected not to prosecute the charge of felony battery (prior conviction), Appellant’s judgment reflects that the court also adjudicated him guilty of felony battery (prior conviction), but did not impose a sentence.
On appeal, Appellant argues that the prosecutor’s comments regarding Appellant’s girlfriend and employee’s refusal to cooperate with police were impermissible because they left the jury “with the wrong impression that defendant had the burden to call these witnesses to rebut [the victim’s] story.” We disagree.
“[Generally speaking, the state may not comment upon a defendant’s failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to conclude that the defendant carried the burden of introducing evidence.” Otero v. State, 754 So.2d 765, 769 (Fla. 3d DCA 2000). “A narrow exception to this general rule, however, allows the state to comment on the absence of evidence where the defendant voluntarily assumes some burden of proof as by asserting the defenses of alibi, self-defense, and defense of others, or by relying on facts that could be elicited only from a witness who is not equally available to the state.” Id.
Here, the prosecutor’s comments during closing did not imply that Appellant was required to call his girlfriend or employee as a witness. Rather, they summarized the investigating detective’s testimony which established that Appellant’s girlfriend and employee did not cooperate with law enforcement’s investigation. See Lubin v. State, 963 So.2d 822, 824 (Fla. 4th DCA 2007) (when evaluating a prosecutor’s comment, the comment “should be examined in the context in which it is made”). Thus, the challenged comments were a fair summary of the evidence. Further, to the extent the comments could reasonably be construed as burden shifting, they were permissible since Appellant raised self-defense as an issue. Otero, 754 So.2d at 769. Accordingly, the trial court did not err in overruling Appellant’s objection to the prosecutor’s comments during closing argument.
Appellant next argues that his judgment erroneously reflects that he was convicted of felony battery (prior conviction) when, in fact, the State nolle prossed the charge before trial. Appellant is correct and the State properly concedes error. Accordingly, we reverse and remand for entry of a corrected judgment reflecting a conviction only as to felony battery (great bodily harm).

Affirmed in part; reversed in part; and remanded with instructions.

Ciklin, C.J., and Gerber, J., concur.