NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROGER RAYSOR a/k/a              )
ROGER ALEXANDER RAYSOR, JR.,    )
                               )
            Appellant,          )
                               )
v.                              )        Case No.  2D18-2610
                               )
STATE OF FLORIDA,               )
                               )
            Appellee.           )
_____)

Opinion filed July 19, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Charlotte County; George C. Richards,
Judge.

SILBERMAN, Judge.

          Roger Raysor appeals the summary denial of his motion for postconviction

relief filed pursuant to Florida Rule of Criminal Procedure 3.850 that alleges ineffective

assistance of counsel.  We affirm the summary denial of claims 1, 2, 3(a), and 3(c)

without comment.  We reverse and remand for further proceedings on the claims the

court considered together as 3(b) and 3(d).  We also remand for correction of a

scrivener's error in the judgment.

Raysor is challenging his conviction for possession of a firearm by a convicted felon. The jury found him guilty of that offense as a violation of section 790.23(1)(a), Florida Statutes (2014), and specifically found that Raysor was in actual possession of a firearm. Raysor was sentenced to ten years in prison with a three-year minimum mandatory. See § 775.087(2)(a), Fla. Stat. (2014).

At trial, witness Kyle Comstock testified that he saw Raysor fire a gun. Comstock acknowledged that he had told officers that it could have been a pistol. But he also testified, "I have no clue what type of gun it was. I have no clue if it's a handgun, rifle, could be anything." Fired nine millimeter casings were found hidden in a nearby residence. The gun was never recovered. Detective Buchinsky testified that the gun manufacturer Taurus makes a nine millimeter firearm.

In a recorded jail call, Raysor spoke to his then girlfriend, Ms. Johnson, and told her to get rid of what was under his stereo. The transcript reflects that Raysor also said, "(Inaudible) what I said, you going to find your little toy."

Raysor alleged in claim 3(b) that counsel failed to object to the State's mischaracterization of evidence and in claim 3(d) that counsel failed to object to the State's improper closing arguments that mischaracterized the evidence. The postconviction court considered claims 3(b) and 3(d) together.

Raysor alleged that counsel did not object to the following improper comments the prosecutor made: (1) stating that the witness "agreed, yes, it was a pistol that's what I told deputies," but "Comstock did not actually say that"; (2) "mischaracterizing the words 'Toy' and 'Taurus' during the recorded conversation with Shaia Johnson"; and (3) improperly implying that Raysor "fabricated his version of the

shooting incident during his taped interview with Detective Buchinsky" and also that it "was an impermissible comment on [Raysor's] right to remain silent." Raysor referred to the failure to object as ineffective assistance of counsel and "egregiously prejudicial." He also inartfully alleged in essence that if his counsel had objected, it would have changed the weight and sufficiency of the evidence in front of the jury and that no jury could return a verdict in favor of the State.

In its response, the State acknowledged that defense counsel did not object to the three statements in closing argument that form the basis of claims 3(b) and 3(d). The State argued that it could properly point out inferences that may reasonably be drawn from the evidence, but the State did not address the subject matter of the three statements.

In its order summarily denying relief, the postconviction court stated the following as to claims 3(b) and (3)(d):

> In his second and fourth subclaims, Defendant alleged that counsel should have objected to the State's mischaracterization of evidence during the closing argument. The standard jury instructions inform the jurors that what the attorneys say is not evidence but intended to aid the jury in understanding. Attorneys may make reasonable inferences from the evidence presented at trial.

(R. 80). The postconviction court did not refer to the substance of the comments or attach the portions of the transcript where the comments were made. And the court did not attach the portion of the transcript where the jury was instructed that what the lawyers say is not evidence. See Fla. Std. Jury Instr. (Crim.) 2.7 (Closing Argument).

In addition, our record does not contain an audio of the recorded jail call in which the State argued that Raysor allegedly said "Taurus," a make of gun, rather than

- 3 -

"toy." The postconviction court mentioned earlier in its order that it had only a transcript and not the recording of the jail call. Our record also does not contain a recording or transcript of Raysor's statement to Detective Buchinsky.

To prove a claim of ineffective assistance of counsel, the defendant must establish deficient performance and prejudice. Alcorn v. State, 121 So. 3d 419, 425 (Fla. 2013). For the prejudice prong, the defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 425 (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). A reasonable probability is one that is sufficient to undermine confidence in the outcome. Id. On review of an order that summarily denies a rule 3.850 motion, "the court must accept the movant's factual allegations as true to the extent they are not refuted by the record." Franqui v. State, 59 So. 3d 82, 95 (Fla. 2011). A defendant is generally "entitled to an evidentiary hearing on a rule 3.850 motion unless (1) the motion, files, and records in the case conclusively show that the movant is entitled to no relief, or (2) the motion or particular claim is legally insufficient." Id.

It is permissible for a prosecutor to argue "a conclusion that can be drawn from the evidence." Griffin v. State, 866 So. 2d 1, 16 (Fla. 2003). But "[a] prosecutor must confine his closing argument to record evidence and 'must not make comments which could not be reasonably inferred from the evidence.' " Gabriel v. State, 254 So. 3d 558, 563 (Fla. 4th DCA 2018) (quoting Spoor v. State, 975 So. 2d 1233, 1235 (Fla. 4th DCA 2008)). The postconviction court stated that "[t]he standard jury instructions inform the jurors that what the attorneys say is not evidence but intended to aid the jury

- 4 -

in understanding."  The giving of this instruction can factor into a determination of whether an improper argument is harmless or requires reversal.  See, e.g., Lammons v. State, 246 So. 3d 524, 526 (Fla. 3d DCA 2018) (determining that the comment did not contribute to the verdict).  But the fact that the court instructs the jury that what the lawyers say is not evidence does not necessarily cure a prosecutor's statement that relies on facts not in evidence.  See Tindal v. State, 803 So. 2d 806, 811 (Fla. 4th DCA 2001) (reversing for a new trial on direct appeal).

In Tindal, the prosecutor suggested without evidentiary support that a witness "failed to testify out of fear or made her initial statement because someone threatened her."  Id. at 810.  The trial court gave a curative instruction "that what the lawyers say is not evidence and that [the jurors] should rely upon what they heard from the witness stand."  Id.  The appellate court determined that "[t]he curative instruction was insufficient to erase the prejudice" and recognized that the same instruction had been given numerous times during the closing argument.  Id. at 811.

Here, the attachments to the postconviction court's order do not conclusively refute the claims regarding defense counsel's failure to object to the mischaracterization of evidence in the prosecutor's closing argument.  The attachments do not provide the information required to evaluate whether the comments improperly mischaracterized evidence or were a fair inference to be made from the evidence or whether any prejudice resulted.  For instance, our record does not contain the transcript of any of the comments made or the recording of the jail call or the recording or transcript of the interview with the detective.

A postconviction court may deny a facially sufficient claim without a hearing when the court attaches to its order "a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief." Fla. R. Crim. P. 3.850(f)(5). Because the attachments to the postconviction court's order do not conclusively show that Raysor is entitled to no relief, we reverse the summary denial of claims 3(b) and 3(d) and remand for further proceedings.

We note a scrivener's error in the written judgment that should be addressed on remand. Raysor was charged with and found guilty of possession of a firearm by a convicted felon, a violation of section 790.23(1)(a). Raysor acknowledges in his rule 3.850 motion that his conviction was for being in possession as a convicted felon. The written judgment cites the proper statute, section 790.23(1)(a), but the judgment reflects a conviction for possession of a firearm by a delinquent, a violation of section 790.23(1)(b) that is not subject to a minimum mandatory under section 775.087(2)(a). To avoid a waste of judicial resources in the future, the final judgment should be corrected to reflect the conviction for possession of a firearm by a convicted felon. See Herrera v. State, 44 Fla. L. Weekly D141, D1415 (Fla. 2d DCA May 31, 2019); Mountjoy v. State, 228 So. 3d 726, 726 (Fla. 5th DCA 2017).

In conclusion, we affirm the summary denial of claims 1, 2, 3(a), and 3(c). We reverse the summary denial of claims 3(b) and 3(d) and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.


NORTHCUTT and ROTHSTEIN-YOUAKIM, JJ., Concur.

- 6 -